Michael Shawn Stewart - Sui Juris
100 Easy Street #5035
Carefree, AZ [85377]
Phone - (480) 490-1767
email -defender1989@protonmail.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

UNITED STATES OF AMERICA

*Plaintiff*

VERSUS

*MICHAEL SHAWN STEWART,*

*Sui Juris, a human being,*

*NON-Defendant*

Case No. 21-cr-34-WJM

**NOTICE OF ABATEMENT**

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 22 2024

JEFFREY P. COLWELL
CLERK

## DEFENDANT NOTICE TO ABATE
## AND MEMORANDUM OF LAW IN SUPPORT

## I. Introduction

This Notice to Abate, submitted by Defendant Michael Shawn Stewart, hereafter referred to as the Defendant, is presented to capture the immediate attention of the honorable court. The Defendant respectfully seeks the dismissal of charges against him based on substantial legal grounds. These grounds encompass a manifest lack of jurisdiction, a significant violation of constitutional rights, and the misapplication of pertinent laws. The arguments presented herein

PLEADING TITLE - 1

are anchored in the Federal Rules of Criminal Procedure, with emphasis on Rule 7(c)(1), which addresses the indictment and the information; Rule 12(b)(2), concerning defenses and objections based on defects in the institution of the prosecution; Rule 12(b)(3)(B), which pertains to pre-trial motions; and notably, Rule 12(b)(1), which authorizes the dismissal of charges when the court lacks subject matter jurisdiction.

The Defendant respectfully requests the Court to take judicial notice that he appears in propria persona and sui juris, acting on his own behalf without legal representation. Given that the Defendant is not formally educated in law and is not licensed to practice law, it is requested that his filings be construed with due liberality, as supported by legal precedents such as ***Haines v. Kerner***, *404 U.S. at 520 (1980)*, and ***Birl v. Estelle***, *660 F.2d 592 (1981)*. Furthermore, the Defendant maintains that this court bears the responsibility and legal duty to safeguard all constitutional and statutory rights afforded to the accused, as underscored by ***United States v. Lee***, *106 U.S. 196, 220 (1882)*. Through this motion, the Defendant earnestly seeks to uphold the principles of justice by addressing these crucial legal and procedural concerns.

### A. Lack of Jurisdiction

Our initial contention concerns the lack of jurisdiction, encompassing both the court's subject matter jurisdiction (refer to the attached memorandum of law) over the alleged crimes and personal jurisdiction (refer to the attached affidavit of citizenship, domicile, and tax status, as well as the birth certificate attached as Exhibits 1 and 2) over the Defendant. The invocation of Rule 12(b)(1) underscores this critical challenge, asserting that the prosecution has not established the court's authority to adjudicate these matters, as required by law. This ambiguity regarding jurisdiction calls into question the entire basis of the prosecution's case

PLEADING TITLE - 2

against the Defendant and highlights a fundamental flaw that compromises the integrity of the proceedings from the outset.

### B. Violation of Constitutional Rights

Further compounding the deficiencies of this case is the egregious violation of constitutional rights afforded to the Defendant under the Fifth, Sixth, and Tenth Amendments of the United States Constitution. These violations include the deprivation of due process and a fair trial, and an overreach of federal power infringing on state sovereignty and the principles of federalism. Such constitutional infringements are at the core of the justice system's integrity, underscoring the prosecution's disregard for the Defendant's rights and the constitutional limits of federal authority.

### C. Improper Application of Laws

Moreover, the indictment suffers from a significant misapplication of laws, notably those that define the scope of federal jurisdiction and the elements of the alleged crimes. This misapplication represents not a mere oversight but a substantial misjudgment, challenging the legitimacy and validity of the charges themselves. The specific reference to federal statutes and procedural rules in this motion highlights the prosecution's departure from established legal standards and precedents.

### D. Reliance on Federal Rules of Criminal Procedure

This motion, grounded in the Federal Rules of Criminal Procedure, argues for the necessity of adhering to procedural and substantive legal standards, particularly those outlined in Rule 12(b)(1), Rule 7(c)(1), Rule 12(b)(2), and Rule 12(b)(3)(B). These rules provide a procedural foundation for contesting the charges and underscore the importance of jurisdictional integrity, due process, and the fair application of law in federal prosecutions.

### E. Invocation of Constitutional Amendments

PLEADING TITLE - 3

The invocation of the Fifth, Sixth, and Tenth Amendments, along with a detailed examination of the Federal Rules of Criminal Procedure, particularly Rule 12(b)(1), is a testament to the motion's commitment to upholding constitutional principles and ensuring justice. These elements form the bedrock of our legal argument against the prosecution's case, demanding rigorous scrutiny and legal rectitude in its assessment.

### F. Due Process Violation through Improper Service of Process

Central to the procedural due process violations in this case is the improper service of process. The Defendant contends that the service of process was conducted in a manner that did not comply with established legal standards, thereby depriving him of the fundamental right to fair notice and an opportunity to prepare a defense. This violation directly infringes upon the due process protections afforded by the Fifth Amendment, emphasizing the procedural improprieties that further undermine the legitimacy of the prosecution's case against the Defendant.

### Conclusion

In summary, this motion respectfully requests the dismissal of the charges against the Defendant on the grounds of lack of jurisdiction, violation of constitutional rights, improper application of laws, and significant due process violations pertaining to service of process. We earnestly believe in and rely upon the court's discretion and commitment to justice, anticipating that it will recognize the significant legal deficiencies in the prosecution's case and grant this motion to dismiss, thereby upholding the principles of justice and constitutional law that govern our judicial system.

## II. Lack of Federal Authority and Jurisdiction

### A. Constitutional Delegation of Powers

PLEADING TITLE - 4

The cornerstone of this motion is the fundamental principle that the Federal Government's power to prosecute is strictly confined by the U.S. Constitution, which delineates and restricts the scope of federal authority. The Constitution is not just a document of historical significance but a living testament to the division of power, ensuring a balance between state sovereignty and federal oversight. The argument presented herein is twofold: firstly, that the Federal Government lacks the constitutional authority to prosecute the Defendant for the alleged crimes, and secondly, that this prosecutorial overreach undermines the very fabric of our federalist system.

1. **Argument Against Federal Prosecutorial Authority:** The U.S. Constitution, through Article I, Section 8, Clauses 3 (the Commerce Clause), 6 (the Coinage Clause), 10 (the Define and Punish Clause), and Article III, Section 3, Clause 2 (concerning Treason), carefully enumerates the powers of Congress. These clauses collectively and individually do not confer upon the Federal Government the blanket authority to prosecute the Defendant for the charges brought forth. The Commerce Clause, often cited as a basis for broad federal legislative power, indeed has its limits, as underscored in cases such as United States v. Lopez and United States v. Morrison, which highlight the necessity of a direct and substantial relation to interstate commerce, absent in the present case.

2. **Reference to Judicial Interpretations:** In United States v. Cotton, the Supreme Court underscored the necessity of adhering to the Constitution's explicit and implicit boundaries when it comes to federal authority. Similarly, Henderson v. Shinseki and Arbaugh v. Y & H Corp. have clarified the importance of clear jurisdictional thresholds, emphasizing that federal power is not unfettered and must operate within the confines of constitutional delegation.

### B. Analyzing the Constitutional and Legal Misinterpretations of 'Money' in the Indictment

This section of the memorandum undertakes a comprehensive and critical examination of the legal underpinnings and the constitutional validity of the indictment, with a

PLEADING TITLE - 5

particular emphasis on its flawed interpretation and application of the concept of "money" as defined by constitutional and statutory law. It is contended that the indictment improperly equates electronic transfers of fiat currency with "lawful money," a misapplication that fundamentally undermines the legal basis of the charges presented.

Lawful Money is defined in authoritative legal sources, including Black's Law Dictionary, as currency that has been authorized and recognized by a competent authority, traditionally encompassing coins and paper currency made from, or backed by, tangible assets such as gold and silver.

Fiat Currency, by contrast, is currency that lacks intrinsic value and is not backed by physical commodities but derives its value from the authority of the government that issued it. While fiat currency serves as a medium of exchange, it does not meet the historical or legal standards set for "lawful money."

The indictment details transactions involving the exchange of electronic transfers of currency, categorically referring to these transactions as exchanges of "money." However, these transactions exclusively involved fiat currency—not lawful money as constitutionally and legally defined. This distinction is critical, as the indictment's charges are predicated on a misunderstanding of what constitutes "money" within the legal and constitutional framework.

The issuance and regulation of money are governed by the United States Constitution, Article I, Section 8, which grants Congress the power "To coin Money, regulate the Value thereof, and of foreign Coin, and fix the Standard of Weights and Measures." Historically, this power implied the issuance of money backed by tangible assets, ensuring that "lawful money" possessed intrinsic value. The current use of fiat currency, not backed by such assets, diverges from this constitutional framework, calling into question the indictment's foundational premises.

Courts have historically recognized the distinction between lawful money and fiat currency. In *Lane v. Railey (280 Ky. 319, 133 S.W.2d 74 [Ky. 1941])*, the court delineated

PLEADING TITLE - 6

between currency backed by tangible assets and fiat currency issued by central banks, affirming the legal understanding that lawful money must possess intrinsic value.

Relevant statutes and regulations further underscore the distinction between lawful money and fiat currency. For instance, the Coinage Act and subsequent legal interpretations by federal courts have continually reinforced the necessity for currency to be backed by tangible assets to be considered lawful money under U.S. law.

The core issue with fiat currency is its lack of intrinsic value, a departure from traditional forms of lawful money that were backed by tangible assets. This absence of backing not only challenges the valuation of fiat currency but also its legitimacy as a medium of exchange within the legal parameters set by precedent and statutory law.

Given the indictment's reliance on transactions involving fiat currency—erroneously equated with lawful money—the legal basis for the charges is fundamentally flawed. The absence of an exchange of lawful money, as constitutionally and legally defined, undermines the validity of the charges, necessitating a reevaluation of the indictment's premises.

In sum, the indictment's foundational reliance on an erroneous definition of "money" significantly undermines its legal validity. By conflating fiat currency with lawful money, the charges fail to adhere to constitutional and statutory principles governing monetary transactions. As such, this motion seeks the dismissal of the indictment, urging a reexamination of the legal definitions and implications at the heart of the case.

### C. Federal Jurisdiction Limitations

The prosecution's claim to jurisdiction also falters on the ground of specific jurisdictional requirements, which it has notably failed to meet. The Constitution and federal law set clear parameters around the concept of "special maritime and territorial jurisdiction," beyond which the federal prosecutorial reach is fundamentally constrained.

PLEADING TITLE - 7

1. **Special Maritime and Territorial Jurisdiction Requirement:** The alleged criminal activity's nexus to "special maritime and territorial jurisdiction" is a prerequisite for federal prosecutorial authority in many cases. This jurisdiction is explicitly defined and limited by Article I, Section 8, Clause 17 of the U.S. Constitution, which grants Congress the power to exercise exclusive legislation over such places as the District of Columbia, forts, arsenals, dockyards, and other places purchased with the consent of the state legislature. This nexus has not been established in the case at hand, rendering the federal claim to jurisdiction baseless.

2. **Failure to Demonstrate Jurisdictional Authority:** Compounding this jurisdictional misstep is the prosecution's failure to provide evidence or documentation affirming the Federal Government's jurisdiction over the locale where the alleged criminal activities purportedly occurred. This oversight is not merely procedural but strikes at the heart of jurisdictional validity. Federal jurisdiction, particularly in criminal matters, cannot be presumed but must be explicitly proven. According to 40 U.S.C. § 3112, jurisdiction over lands acquired by the United States is a matter of legal conveyance and acceptance, which has not been adequately demonstrated by the prosecution.

3. **Citing Constitutional and Legislative Authority:** The reliance on Article I § 8, Cl. 17 of the U.S. Constitution and 40 U.S.C. § 3112 is paramount in illustrating the precise and limited nature of federal jurisdiction. These legal provisions ensure that the Federal Government's reach does not extend beyond its constitutionally and legislatively sanctioned bounds. The absence of clear, incontrovertible evidence of federal jurisdiction over the alleged crime location directly challenges the prosecution's capacity to proceed.

### Conclusion

In conclusion, the Federal Government's attempt to prosecute the Defendant is marred by a conspicuous lack of constitutional and jurisdictional authority. The foundational legal principles and statutes cited herein underscore a clear and irrefutable argument: without the requisite constitutional delegation of power and demonstrable federal jurisdiction, the charges

PLEADING TITLE - 8

against the Defendant cannot stand. It is imperative, for the integrity of our legal system and the principles of federalism it upholds, that this court recognizes the profound jurisdictional and constitutional deficiencies in the prosecution's case and dismisses the charges accordingly.

## III. Violation of Constitutional Rights and Principles

### A. Due Process Rights

The crux of our argument against the federal prosecution lies not only in its lack of jurisdiction and authority but significantly in its violation of the Defendant's constitutional rights, notably those pertaining to due process under the Fifth Amendment and the principles of federalism as protected by the Tenth Amendment.

1. **Violation of the Fifth Amendment:** The Fifth Amendment guarantees that no person shall be "deprived of life, liberty, or property, without due process of law." The overreach of the Federal Government's authority in this case represents a stark violation of this fundamental right. By attempting to prosecute the Defendant without clear constitutional or jurisdictional authority, the Federal Government has circumvented the due process rights owed to the Defendant. This is not a mere procedural error but a substantial infringement on the rights that safeguard individuals from governmental overreach and ensure fair treatment within the legal system.

2. **Encroachment on State Sovereignty and Federalism:** Further, the Federal Government's actions impinge upon state sovereignty, thereby violating the Tenth Amendment, which reserves to the states or the people the powers not delegated to the United States by the Constitution. The unwarranted extension of federal prosecutorial powers into areas where it lacks jurisdiction not only undermines state authority but also disrupts the delicate balance of federalism that is central to the United States' constitutional framework. This encroachment threatens the very principles that allocate powers and responsibilities between the states and the federal government, ensuring a

PLEADING TITLE - 9

system of governance that respects the autonomy and jurisdictional integrity of each state.

## B. Void for Vagueness Doctrine

A secondary yet significant constitutional concern arises from the application of laws that are unclear or exceed the bounds set by the Constitution, rendering them void for vagueness. This doctrine, rooted in the due process clause of the Fifth Amendment, mandates that laws be clear enough to give a person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly.

1. **Application of Vague Laws:** In the current case, the statutes under which the Defendant is charged are applied in a manner that is arguably vague and overbroad, failing to provide clear and fair notice of the actions that constitute a violation. This vagueness not only undermines the fairness of the legal process but also opens the door to arbitrary and discriminatory enforcement, a result antithetical to the principles of justice and equality under the law.

2. **Supreme Court Interpretations:** The Supreme Court has consistently held that statutes must meet the requirement of clarity and specificity to be constitutionally valid. In cases such as Skilling v. United States and Johnson v. United States, the Court invalidated statutes that were deemed too vague, underscoring the imperative that laws conform to constitutional standards to maintain their supremacy. These rulings reinforce the principle that laws, especially those carrying criminal penalties, must be framed with sufficient precision to inform individuals of the conduct they prohibit or mandate, ensuring that individuals are not subject to capricious or discriminatory application of the law.

## C. Due Process Violation through Improper Service of Process

1. **Fundamental Due Process Right:** Proper service of process is not merely a procedural formality but a fundamental due process right, enshrined in the Fifth Amendment,

PLEADING TITLE - 10

ensuring that a defendant receives proper notice of proceedings and an opportunity to prepare a defense. This foundational principle guarantees fairness and transparency in judicial proceedings.

2. **Violation in the Current Case:** In the case at hand, the service of process was notably deficient, deviating significantly from the legal standards established to protect defendants' rights. This deficiency deprived the Defendant of his basic due process right to be informed of and to understand the legal actions against him adequately. Such an oversight casts serious doubt on the legitimacy of the prosecution's actions and the fairness of the process thus far.

3. **Illustration of the Violation:** Despite the critical nature of the charges, the Defendant received no formal notice as mandated by constitutional and statutory requirements, resulting in a lack of opportunity to prepare an adequate defense or to challenge the jurisdictional basis of the charges. Specifically, the Defendant was deprived of the chance to challenge the grand jury composition or the individual jurors, as outlined in the Federal Rules of Criminal Procedure, due to not being properly notified about the grand jury proceedings. This procedural oversight not only undermines the integrity of the judicial process but also directly infringes upon the Defendant's right to participate in and respond to the legal process.

4. **Legal Precedent and Requirement for Corrective Action:** The courts have consistently held that adequate notice is a prerequisite for the exercise of jurisdiction. The Supreme Court's rulings, including in cases such as *Mullane v. Central Hanover Bank & Trust Co.*, underscore the non-negotiable nature of this requirement, affirming that due process demands reasonable notice and the opportunity to be heard. The deficient service of process in this instance contravenes these established legal standards, compelling the need for this court to dismiss the charges as a corrective action.

5. **Request for Remedial Action:** In light of the serious due process violations arising from improper service of process, this request for remedial action, under the authority of 28

U.S.C. § 1867(e), seeks the dismissal of charges. Proper service of process is essential to the administration of justice and the safeguarding of individual rights. The neglect to ensure these fundamental due process requirements in the Defendant's case constitutes a violation of constitutional rights, necessitating prompt corrective measures by this court.

## Conclusion

The prosecution of the Defendant, as it stands, represents a clear and troubling violation of constitutional rights and principles. The overreach of federal authority, coupled with the application of laws that are vague and exceed constitutional limitations, and the improper service of process, not only violates the due process rights of the Defendant under the Fifth Amendment but also infringes upon the foundational principles of state sovereignty and federalism protected by the Tenth Amendment. Given these significant constitutional concerns, it is imperative for the integrity of the legal system and the protection of individual rights that this court dismiss the charges against the Defendant. This dismissal would reaffirm the paramount importance of adhering to constitutional principles and safeguarding the rights and liberties that are the hallmark of the American judicial system.

## IV. Misapplication of Interstate Commerce Regulation

### A. Legal Definition and Scope of "Regulate"

The Federal Government's charge against the Defendant relies heavily on an expansive interpretation of the power to "regulate" interstate commerce as granted by the Constitution. However, a critical analysis reveals a fundamental misapplication of this regulatory authority, particularly in the context of imposing criminal sanctions.

1. **Argument on the Power to "Regulate"**: The Constitution grants Congress the power to "regulate Commerce with foreign Nations, and among the several States, and with the Indian Tribes" (Article I, Section 8, Clause 3), yet it is imperative to understand that the term "regulate" historically and legally does not encompass the power to impose felony

PLEADING TITLE - 12

criminal statutes. Regulation, by its definition, involves the creation of rules or standards to govern conduct within a specific domain—commerce, in this instance—not the imposition of punitive measures that are traditionally within the purview of criminal law.

2. **Distinction Between "Regulate" and "Punish":** This distinction is critical. The Constitution meticulously differentiates between the power to "regulate" and the power to "punish." Specific clauses provide Congress the authority to define and punish certain acts, such as counterfeiting (Article I, Section 8, Clause 6) and piracy (Article I, Section 8, Clause 10), indicating that when the framers intended to grant Congress punitive powers, they did so explicitly. The absence of a similar provision regarding the regulation of commerce signifies a deliberate choice to limit Congress's authority in this domain to regulation, not punishment.

3. **Reference to Gibbons v. Ogden:** The seminal case of Gibbons v. Ogden (1824) provides invaluable insight into the intended scope of "regulate." Chief Justice Marshall clarified that to regulate commerce is "to prescribe the rule by which commerce is to be governed." This definition, emphasizing governance rather than punishment, supports the argument that the imposition of felony charges for violations of commerce regulations exceeds the constitutional grant of power to regulate commerce.

### B. Misinterpretation of Commerce Clause

The misapplication of the Interstate Commerce Clause to justify felony prosecutions represents a significant departure from constitutional principles, transforming a mechanism intended to facilitate economic uniformity across states into a tool for broad federal criminal jurisdiction.

1. **Argument Against Broad Interpretation for Felony Prosecution:** The use of the Commerce Clause as a basis for imposing criminal penalties, particularly felonies, on actions perceived to affect interstate commerce is a contentious and, arguably, unconstitutional expansion of federal power. This approach not only blurs the lines

between state and federal jurisdiction but also allows for an almost limitless extension of federal criminal law into areas traditionally regulated by state law.

2. **Reference to Judicial Skepticism Towards Broad Application:** In United States v. Morrison (2000) and Bond v. United States (2014), the Supreme Court expressed skepticism towards an overly broad application of the Commerce Clause. In Morrison, the Court struck down parts of the Violence Against Women Act that federalized a class of crimes traditionally prosecuted by states, emphasizing that the activity in question must substantially affect interstate commerce to fall within federal jurisdiction. Similarly, in Bond, the Court criticized an expansive interpretation of the Commerce Clause that would encroach upon areas of criminal law reserved for the states, underscoring the necessity of maintaining a clear distinction between state and federal jurisdiction.

## Conclusion

The arguments presented herein underscore a critical misapplication of the Interstate Commerce Clause, revealing an unconstitutional extension of federal authority into areas of criminal law far beyond the intended scope of "regulation." By conflating the power to "regulate" commerce with the authority to "punish" through criminal statutes, the Federal Government has overstepped its constitutional boundaries, encroaching upon state sovereignty and individual liberties. It is imperative for the preservation of the constitutional balance of power that this court recognizes the distinction between regulation and punishment and the limitations of federal authority under the Commerce Clause, thereby dismissing the charges against the Defendant on these grounds.

## V. The Doctrine of Territorial Jurisdiction

At the heart of federal criminal law lies a fundamental principle: the Federal Government's power to prosecute is limited by the doctrine of territorial jurisdiction. This doctrine posits that for the Federal Government to exercise its prosecutorial powers, the alleged criminal activity must occur within territories that are under its jurisdiction. This section

PLEADING TITLE - 14

elucidates the importance of territorial jurisdiction in federal prosecutions, highlights the necessity for explicit cession and acceptance of jurisdiction, and discusses the inherent limitations on federal criminal jurisdiction, emphasizing the prosecutorial burden of proving jurisdiction.

### A. Requirement for Federal Crimes to Occur Within Federal Territories

1. **Territorial Limits of Federal Authority:** The Constitution and various federal statutes delineate the scope of federal authority, specifying that federal criminal jurisdiction extends only to crimes committed within territories under the direct jurisdiction of the Federal Government. These territories include the District of Columbia, military bases, federal buildings, national parks, and other lands that have been explicitly ceded to the Federal Government by the states. The principle of territorial jurisdiction is rooted in the notion that the sovereignty of the Federal Government is limited to specified domains, beyond which its authority to prosecute does not extend.

2. **Constitutional and Statutory Bases:** Article I, Section 8, Clause 17 of the U.S. Constitution grants Congress the authority to "exercise exclusive Legislation" over the District of Columbia and to exercise similar authority over places purchased by the Federal Government with the consent of the state legislature for the erection of forts, magazines, arsenals, dockyards, and other needful buildings. Additionally, statutes such as 40 U.S.C. § 3112 delineate the process through which the Federal Government may acquire jurisdiction over state lands, underscoring the necessity for explicit cession and acceptance.

### B. Explicit Cession and Acceptance of Jurisdiction

1. **Process of Cession and Acceptance:** For a territory within a state to fall under federal jurisdiction, two conditions must be met: the state must explicitly cede jurisdiction over the land to the Federal Government, and the Federal Government must formally accept this cession. This process ensures that the transfer of jurisdiction is clear, deliberate, and

consensual, reflecting the balance of power between the states and the Federal Government as envisioned by the framers of the Constitution.

2. **Implications for Federal Prosecutions:** The requirement for explicit cession and acceptance of jurisdiction has profound implications for federal prosecutions. It means that the Federal Government cannot assume jurisdiction over a territory, and consequently over crimes committed therein, without undergoing the constitutionally and statutorily prescribed process. This limitation serves as a check on federal power, preserving state sovereignty and ensuring that federal prosecutorial power is exercised only within its legitimate bounds.

## C. Limitations of Federal Criminal Jurisdiction and the Prosecutorial Burden

1. **Burden of Proving Jurisdiction:** In federal criminal cases, the prosecution bears the burden of proving that the court has jurisdiction over the alleged offense. This involves demonstrating that the crime occurred within a territory under federal jurisdiction. The requirement to prove territorial jurisdiction is not merely procedural; it is a fundamental aspect of the defendant's rights, ensuring that federal prosecutorial power is not applied arbitrarily or capriciously.

2. **Challenges to Federal Jurisdiction:** Defendants have the right to challenge the federal court's jurisdiction over their case, invoking the doctrine of territorial jurisdiction. Such challenges can be based on the argument that the Federal Government has not established that the alleged crime occurred within a federally jurisdictional territory or that the necessary process of cession and acceptance was not properly followed. Successful challenges can result in the dismissal of charges, underscoring the importance of territorial jurisdiction in safeguarding individual rights against unwarranted federal prosecution.

## Conclusion

PLEADING TITLE - 16

The doctrine of territorial jurisdiction is a cornerstone of the federal criminal justice system, delineating the scope of the Federal Government's prosecutorial powers and safeguarding the constitutional balance between federal and state authority. The requirement that federal crimes occur within territories under federal jurisdiction, combined with the necessity for explicit cession and acceptance of such jurisdiction, imposes strict limitations on federal criminal jurisdiction. These limitations not only protect the sovereignty of the states but also ensure that individuals are not subjected to federal prosecution without clear jurisdictional authority. Understanding and adhering to these principles is essential for upholding the constitutional rights of defendants and maintaining the integrity of the federal judicial system.

## VI. Statutory Interstate Commerce Misapplication

The statutory definition of "interstate commerce" plays a pivotal role in delineating the scope of federal criminal jurisdiction. However, the current application of interstate commerce laws has often extended beyond the constitutional and statutory boundaries intended by lawmakers. This overreach not only contravenes the principles of federalism but also infringes upon the rights of states and individuals. This section seeks to clarify the statutory definition of interstate commerce, argue against its current broad application, and reference the relevant legal frameworks that have been misapplied.

### A. Clarification on the Statutory Definition of "Interstate Commerce"

1. **Statutory Definition:** The definition of interstate commerce, as outlined in Title 18 U.S.C. § 10, encompasses commerce between one state and another, the District of Columbia, territories, and possessions of the United States. This definition is crucial for understanding the jurisdictional reach of federal criminal laws, as it sets the geographical and functional scope within which the Federal Government can legislate and enforce laws pertaining to commerce.

PLEADING TITLE - 17

2. **Application to Federal Territory Only:** It is essential to note that the constitutional grant of power to regulate interstate commerce was intended to facilitate trade and prevent interstate conflicts, not to serve as a basis for widespread federal criminal jurisdiction. The misapplication of this power to extend federal criminal laws into areas traditionally under state jurisdiction represents a misunderstanding of both the nature of interstate commerce and the limitations of federal authority.

## B. Argument Against the Broad Application of Interstate Commerce Laws

1. **Exceeding Constitutional and Statutory Boundaries:** The expansive interpretation of interstate commerce laws to justify federal jurisdiction over a wide array of criminal activities has far exceeded the boundaries set by the Constitution and federal statutes. This broad application undermines the federalist structure of the United States government, which allocates specific powers to the Federal Government while reserving all other powers to the states and the people.

2. **Impact on State Sovereignty:** By encroaching upon areas traditionally regulated by state law, the Federal Government disrupts the balance of power between federal and state authorities. This not only infringes upon state sovereignty but also dilutes the effectiveness of state legal systems in managing local affairs, including crime.

## C. Citing Federal Rules of Criminal Procedure and Title 18 U.S.C. § 10 Definitions

1. **Federal Rules of Criminal Procedure:** The Federal Rules of Criminal Procedure provide the framework for criminal proceedings in federal courts, including those that arise under the guise of regulating interstate commerce. However, these rules do not grant the Federal Government carte blanche to extend its jurisdiction indiscriminately. The requirement for clear jurisdictional authority is a fundamental aspect of these rules, ensuring that federal prosecutions are conducted within the confines of lawfully established federal jurisdiction.

PLEADING TITLE - 18

2. **Misapplication of Title 18 U.S.C. § 10:** Title 18 U.S.C. § 10 defines interstate commerce in a manner that should limit the scope of federal criminal jurisdiction to activities that genuinely affect trade and movement between states. However, the current misapplication of interstate commerce laws often ignores the nuances of this definition, extending federal criminal jurisdiction into areas that lack a substantial connection to interstate commerce. This overreach not only contravenes the statutory definition but also challenges the foundational principles of federalism and state autonomy.

### Conclusion

The misapplication of statutory interstate commerce laws represents a significant departure from the constitutional and statutory frameworks intended to guide the scope of federal criminal jurisdiction. By extending federal authority beyond its rightful boundaries, the Federal Government infringes upon state sovereignty and disrupts the balance of power that is central to the United States' federalist system. Clarification and adherence to the true definitions and limitations of interstate commerce are crucial for preserving the integrity of both federal and state jurisdictions, ensuring that federal criminal laws are applied appropriately and justly, without exceeding the constitutional mandate.

## **VII. Conclusion and Prayer for Relief**

In light of the detailed arguments presented herein, which meticulously delineate the constitutional and legal deficiencies underpinning the prosecution's case against the Defendant, MICHAEL SHAWN STEWART, this Notice to Abate seeks redress from this honorable court for the grave injustices and legal misapplications alleged by the Federal Government. The essence of this motion has been to illuminate the clear lack of federal jurisdiction, the egregious violation of the Defendant's constitutional rights, including through improper service of process, and the improper application of federal laws that have collectively contributed to an unwarranted and legally untenable prosecution.

PLEADING TITLE - 19

## A. Summarization of Arguments

The motion has elucidated several foundational issues that question the validity of the charges brought against the Defendant, notably:

1. **Lack of Federal Authority and Jurisdiction:** Demonstrated: Through the absence of constitutional delegation for the alleged crimes and the failure to establish that the Defendant's actions occurred within territories explicitly under federal jurisdiction, as required by law.

2. **Violation of Constitutional Rights and Principles:** Highlighted by the infringement of the Defendant's Fifth Amendment due process rights, the encroachment upon state sovereignty in violation of the Tenth Amendment, the misapplication of interstate commerce regulation that extends beyond constitutional and statutory limits, and particularly, the Due Process Violation through Improper Service of Process, emphasizing the foundational procedural due process right that was breached in this case.

3. **Misapplication of Interstate Commerce Regulation:** Critically analyzed to reveal an overreach that exceeds the intended scope of federal legislative power over commerce among the states, showcasing an unjustifiable expansion of federal criminal jurisdiction.

## B. Request for Dismissal

Based on these compelling arguments, grounded in constitutional law and supported by relevant statutes and judicial precedents, this motion respectfully requests that the court dismiss the charges against the Defendant. The grounds for this request are not merely procedural but strike at the very heart of the constitutional protections afforded to all individuals against unwarranted federal prosecution. The application of federal law, in this case, represents a departure from its intended scope and purpose, necessitating judicial intervention to rectify these misapplications and uphold the principles of justice.

PLEADING TITLE - 20

The improper service of process, as detailed in this motion, further compounds the need for dismissal. It not only represents a significant procedural oversight but also a substantial violation of the Defendant's Fifth Amendment due process rights, undermining the legitimacy of the entire prosecutorial effort against the Defendant.

This court is thus respectfully implored to dismiss the charges against MICHAEL SHAWN STEWART, in acknowledgment of the significant constitutional and procedural deficiencies outlined herein. Such a dismissal would not only rectify the injustices faced by the Defendant but also reaffirm the judiciary's unwavering commitment to upholding the constitutional rights and liberties that are the bedrock of our legal system.

### C. Invocation of the Court's Discretion

In conclusion, this motion respectfully calls upon the court's esteemed discretion and its unwavering commitment to the United States Constitution and the principles of justice. This request is made with the gravest concern for the legal and constitutional missteps characterizing the prosecution's case against MICHAEL SHAWN STEWART. We ask the court to recognize the depth of the issues at hand and to use its judicial authority to rectify what has been demonstrated as a fundamentally flawed prosecution process.

The dismissal of the charges, we argue, is not merely in the interest of the Defendant but stands as a testament to the court's dedication to upholding the bedrock rights and freedoms guaranteed by our Constitution. Such a decision would not only correct the immediate injustices faced by the Defendant but would also send a powerful message reaffirming the judiciary's role as the ultimate guardian of our liberties against overreach and prosecutorial misconduct.

Thus, with the deepest respect for this court's authority and its pivotal role in maintaining the integrity of our legal system, we earnestly pray that the court grants this motion to dismiss the charges against MICHAEL SHAWN STEWART. In doing so, the court would not

PLEADING TITLE - 21

only vindicate the specific constitutional protections at stake in this case but also reinforce the judiciary's commitment to justice, fairness, and the rule of law.

Respectfully, we implore the court to act with wisdom and foresight, dismissing the charges in recognition of the procedural and constitutional violations presented. Such a decision would honor the enduring legal doctrines that safeguard all citizens from undue governmental intrusion and prosecutorial overreach, ensuring that justice, in its truest sense, is served.

Respectfully submitted,

Dated this 17th day of April, 2024.

All rights reserved under UCC 1-308

MICHAEL SHAWN STEWART

MICHAEL SHAWN STEWART

Michael Shawn Stewart, Sui Juris
Authorized Representative

PLEADING TITLE - 22

## CERTIFICATE OF SERVICE

I hereby certify that on 04/17/2024, I served a copy of the NOTICE OF ABATEMENT, including all attachments, on the following person(s) by USPS Overnight Return Receipt:

- Clerk of the Court
  United States District Court
  For the District of Colorado
  901 19th St
  Denver, CO 80294

- U.S. Attorney
  Anna Edgar
  Office of the U.S. Attorney
  1801 California Street, Ste 1600
  Denver, CO 80202

- Mary Butterton
  Standby Counsel for MICHAEL SHAWN STEWART
  Senior Litigator – Office of the Federal Public Defender's Office
  633 17th Street, STE 1000
  Denver, CO 80202

- Chief Judge
  Judge's Name: William Joseph Martinez
  901 19th St
  Denver, CO 80294

This service was performed in accordance with the rules and regulations of the court. A copy of the Affidavit of Mailing, which provides further details of the service, is attached hereto.

Michael Shawn Stewart
100 Easy Street #5035
Carefree, AZ [85377]
Phone - (480) 490-1767
email -defender1989@protonmail.com

Dated: 04/17/2024

Michael Shawn Stewart - Sui Juris
100 Easy Street #5035
Carefree, AZ [85377]
Phone - (480) 490-1767
email -defender1989@protonmail.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

UNITED STATES OF AMERICA

*Plaintiff*

VERSUS

*MICHAEL SHAWN STEWART,*

*Sui Juris, a human being,*

*NON-Defendant*

Case No. 21-cr-34-WJM

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF NOTICE TO ABATE FOR LACK OF SUBJECT MATTER JURISDICTION**

# DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF NOTICE TO ABATE FOR LACK OF SUBJECT MATTER JURISDICTION

## Introduction:

To the Honorable Court,

This Memorandum of Law is submitted by the Defendant in support of the Notice to Abate, seeking dismissal of the present charges due to the lack of subject matter jurisdiction. This memorandum articulates the substantial jurisdictional challenges raised, demonstrating that this Court does not possess the requisite jurisdiction to preside over the case under scrutiny.

The foundational arguments presented herein are predicated on meticulous analysis of statutory and case law that clearly delineates the boundaries of judicial authority. It is asserted that the alleged facts and legal

DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF NOTICE TO ABATE FOR LACK OF SUBJECT MATTER JURISDICTION - 1

claims fall outside the scope of this Court's jurisdiction, thereby mandating a dismissal to preserve the integrity of the judicial process and uphold the constitutional rights of the Defendant.

We respectfully urge the Court to consider the arguments and evidence set forth in this memorandum to recognize the absence of subject matter jurisdiction and grant the requested relief by dismissing the charges forthwith.

## **The power to punish**

The contention, which most everyone believes, is that if a person transports, or causes to be transported, anything across state (of the Union) lines, which is "interstate commerce", then that activity can be regulated through the imposition of felonious criminal statutes This simply is NOT true This is being accomplished through the manipulation of law. Congress has written the "law" to allow this unconstitutional end to be achieved through obfuscation.

*At the formation of the Union, the states delegated to the Federal Government authority to regulate commerce among the states. So long as the things done Within: the states by the United States are valid under that power, there can be no interference with the sovereignty of the state. **It is the nondelegated power which under the Tenth Amendment remains in the state or the people.*** *[United States v. Appalachian Electric Power Co., 311 U.S. 377, 428 (1941)]*

1. Without cession of jurisdiction or the delegated (enumerated) power to punish the federal courts do not have subject-matter jurisdiction, i.e., no "Offense against the laws of the United States" has been made out. 18 U.S.C. §3231.

2. Under Article 1, §8, cl. 3, Congress is authorized to regulate commerce. - Regulate is defined as

*TERM: regulate.*

*1. To replace confusion with order. To control or direct. To place and enforce limitations and restrictions upon conduct. Nichols v Yandra, 151 Fla 87, 9 So 2d 157, 144 ALR 1351; Thielen v Kostelecky, 69 ND 410, 287 NW 513, 124 ALR 820. To foster, protect, control and restrain. 2. **The power to regulate does not include the power to prohibit. "To regulate" is not synonymous with "to prohibit.***"*

*AUTHORITY. 1. 15 Am J2d Corn § 64 (regulation of commerce.) 2. People v Gadway, 61 Mich 285,28 NW 101.*

*[Ballentine's Law Dictionary, 3rd Edition, Lexus Nexus]*

*Regulate.*

DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF NOTICE TO ABATE FOR LACK OF SUBJECT MATTER JURISDICTION - 2

*To fix, establish, or control; to adjust by rule, method, or established mode; to direct by **rule** or restriction. For example, the power of Congress to regulate commerce is the power to enact all appropriate legislation, for **its protection or advancement: to adopt measures to promote its growth and insure its safety**...*

[Black's Law Dictionary, Sixth Edition, p. 1286]

3.   Rule is defined as:

**TERM:** *rule.*

*A statement of law appearing in all opinion of the court in support of the decision: rendered in the case. An order of court; a specific direction or requirement of a court, made in a particular matter or proceeding, with respect to the performance of some act incidental thereto. 37 Am J1st Motions § 20 That which is prescribed or laid down as a **guide to conduct**; that which is settled by authority or custom; a **regulation**; a prescription; a **minor law**; a uniform course of things.*

*AUTHORITY: South Florida Railroad Co. v Rhoads, 25 Fla 40, 5 So 633.*

[Ballentine Law Dictionary, 3rd. Edition, Lexus Nexus]

*Rule.*

*An established standard, guide, or **regulation**.*

[Black's Law Dictionary, Sixth Edition, p: 1331]

4.   As can be seen by the legal definitions, the terms **rule**, and **regulation** are synonymous. This is also the interpretation of the legislative department, Congress. In the Code of Federal Regulations.

*Title 1 C.FR. §1.1*

*Definitions.*

*Regulation and Rule have the same meaning.*

5.   The judicial department also agrees with the above, in the seminal case of Gibbons v. Ogden, Chief Justice Marshall, speaking for this Court, stated that:

*Commerce undoubtedly is regulated by prescribing **rules** for carrying on that intercourse [...]*

*What is this power? It is the power to regulate that is to prescribe the **rule** by which commerce is to be governed.*

DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF NOTICE TO ABATE FOR LACK OF SUBJECT MATTER JURISDICTION - 3

1           *[Gibbons v. Ogden, 9 Wheat 1, 189-190, 196 (1824)]*

2

6. Clearly, pursuant to the aforementioned legal definitions, and this Courts authority, "commerce" is regulated by

3     prescribing "regulations (rules)", not felony criminal statutes.

4

7. The Constitution also makes clear there is a difference in the term "regulate" and "punish" *Article I, §8, cl. 3*

5                 *To **regulate** Commerce with foreign Nations; and among the several States, and with the Indian*

6     *Tribes;*

7     *Article I, §8, cl. 5*
*To coin Money, **regulate** the Value thereof and of foreign Coin and fix the Standard of Weights and*

8     *Measures;*

9     *Article I §8, cl. 6*

10                 *To provide for the **Punishment** of counterfeiting the Securities and current Coin of the United*
*States;*

11     *Article 1, §8, cl. 10*

12     *To define and **punish** Piracies and Felonies committed on the high Seas, and Offences against the*
*Law of Nations;*

13

14     *Article III, §3, cl. 2*
*The Congress shall have Power to declare the **Punishment** of Treason, but no Attainder of Treason*

15     *shall work Corruption of Blood, or Forfeiture except during the Life of the Person attainted.*
*[United States Constitution]*

16

8. The fact that the power to "punish" has 'been delegated, by enumeration, in other provisions of the Constitution,

17     yet has not been delegated, by enumeration, under the Commerce Clause, is proof on its face that it is a power

18     not delegated to Congress in aid of their Commerce Clause powers.

19              ***The enumeration of powers is also a limitation of powers, because "[t]he enumeration***

20 ***presupposes something not enumerated. The Constitution express conferral of some***
***powers makes clear that it does not grant others. And the Federal Government "can exercise only the***

21 ***powers granted to it.***
             *Today, the restrictions on government power foremost in many Americans' minds are*

22 *likely to be affirmative prohibitions, such as contained in the Bill of Rights. These affirmative prohibitions,*
*come into play, however; only where the Government possesses authority to act in the first place. **If no***

23 ***enumerated power authorizes Congress to pass a certain law, that law may not be enacted, even if it***
***would not violate any of the express prohibitions in the Bill of Rights or elsewhere in the Constitution.***

24 *[Nat'l Fed'n of Indep. Bus. v. Sebelius, 567 U.S. 519, 465 (2012)] (Citations Omitted)*

25              ***From the accepted doctrine that the United States is a government of delegated powers,***

26 ***it follows that those not expressly granted, or reasonably to be implied from such as are conferred, are***
***reserved to the states or to the people.*** *To forestall any suggestion to the contrary, the Tenth Amendment*

27 *was adopted. The same proposition, otherwise stated, is. that powers not granted are prohibited. **None to***
***regulate agricultural production is given, and therefore legislation by Congress for that purpose is***

28 DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF NOTICE TO ABATE FOR LACK OF SUBJECT
MATTER JURISDICTION - 4

*__forbidden.__ an established principle that the attainment of a prohibited end may not be accomplished under the pretext of the exertion of powers which are granted. "Should Congress, in the execution of its powers adopt measures which are prohibited by the constitution; or should Congress, under the pretext of executing its powers, pass laws for the accomplishment of objects not intrusted to the government; it would become the painful duty of this tribunal, should a case requiring such a decision. [297 US 69], come before it, to say that such an act was not the law of the land." __"Congress cannot, under the pretext of executing delegated power, pass laws for the accomplishment of objects not intrusted to the Federal Government.__ And we accept as established doctrine that any provision of an act of Congress ostensibly enacted under power granted by the Constitution., not naturally and naturally adapted to the effective exercise of such power but solely to the achievement of something plainly within power reserved to the States, is invalid and cannot be enforced*

*[United States v Butler, 297 US 1 68-69 (1936)] (Citations Omitted)*

9. The Framers wouldn't have delegated the power to punish in certain provisions and then given the power to regulate in others if these powers were the same. They were intentional in their language choices. For instance, in Article 1, §8, cl 10, they could have simply said "to regulate the high Seas and Offenses against the Law of Nations" if these powers were synonymous.

10. Upon admission into the Union, each state had to agree, by ratifying the Constitution, to surrender the power to punish where it is specifically delegated by enumeration. The enumerated power to "punish" delegated in the Constitution grants the authority to punish felonies nationwide. This is evident in Article I, §8, cl. 10 (the high Seas clause), when reading the clause without the word "Piracies": "To define and punish ... Felonies ..." The United States Supreme Court has elaborated on this point:

*__The criminal jurisdiction of the United States is wholly statutory__, but it has never been doubted that the grant of admiralty and maritime jurisdiction to the federal government includes the legislative power to define and punish crimes committed upon vessels lying in navigable waters of the United States. From the very organization of the government, and without intermission, Congress has also asserted the power; analogous to that exercised by English Courts of admiralty, to punish crimes committed on vessels of the United States while on the high seas or on navigable waters not within the territorial jurisdiction of [289 US 152] a state. The Act of April 30, 1790, chap. 9, §. 8, 1 Stat. at L. 112, 113, provided for the. punishment of murder committed "upon the high seas or in any river; haven, basin or bay out of the jurisdiction of any particular state," and provided for the trial of the offender in the district where he might be apprehended or "into which he may first be brought." § 12 of this Act dealt. with manslaughter; but only when committed upon the high seas. It is true that in United States v. Bevans, 3 Wheat. 336, 4 L. ed. 404, the prisoner; charged with murder on a warship in Boston Harbor; was discharged, as was one charged with manslaughter committed on a vessel on a Chinese river in United States v. Wiltberger; 5 Wheat. 76, 5 L. ed. 37. But the judgments were based not upon a want of power in congress to define and punish the crimes charged, but upon the ground that the statute did not apply, in the one case, for the reason that __the place of the offense was not out of the jurisdiction of a state, and in the other, because the offense, manslaughter, was not committed on the high seas.__*

*[...]*

*__It is true that the criminal jurisdiction of the United States is in general based on the territorial__*

*__principle, and criminal statutes of the United States are not by implication given an extraterritorial effect.__*

*[United States v. Flores, 289.U.S. 137, 151-156 (1933)] (Citations Omitted)*

DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF NOTICE TO ABATE FOR LACK OF SUBJECT MATTER JURISDICTION - 5

11. It is a principle of law that jurisdiction and the power to punish felonies are united with whoever is sovereign over the land, and this principle is supported by literally hundreds of cases. This power was not surrendered except in the aforementioned provisions. When the United States exercises an undelegated power to punish felonious crimes under the guise of carrying into execution their "Commerce Clause" power, they are exercising exclusive legislation, which must occur within lands under their concurrent or exclusive jurisdiction.

> *__It is a general rule of criminal law that the crime must be committed within the territorial__*
>
> *__Jurisdiction of the sovereignty seeking to try the offense in order to give that sovereign jurisdiction.__*
>
> *[...]*
>
> *[T]he criminal jurisdiction of the United States is necessarily limited to their own territory, actual or constructive. Their actual territory is coextensive with their possessions."*
>
> *[Yenkichi Ito v. United States 64 F2d 73, 75 9th Cir (1933)]*

> *__Every independent state has as one of the incidents of its sovereignty the right of municipal__*
>
> *__legislation and jurisdiction over all persons within its territory__, and may therefore change, their*
>
> *nationality by naturalization, and this, without regard to the municipal laws of the country whose subjects are so naturalized, as long as they remain or exercise the rights conferred by naturalization within the territory and jurisdiction of the state which grants it.*
>
> *"It may also endow, with the rights and privileges, of its citizenship persons residing in other*
>
> *countries, so as to entitle them to all rights of property and of succession within its limits, and also with political privileges and civil rights to be enjoyed or exercised within the territory and jurisdiction of the state thus conferring its citizenship.*
>
> *"__But no sovereignty can extend its jurisdiction beyond its own territorial limits__ so as to relieve*
>
> *those born under and subject to another jurisdiction from their obligations or duties thereto; nor can the municipal law of one state interfere with the duties or obligations which its citizens incur, while voluntarily resident in such foreign state and without the jurisdiction of their own country.*
>
> *[United States v. Wong Kim Ark, 169 U.S. 649, 690, (1898)]*

DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF NOTICE TO ABATE FOR LACK OF SUBJECT MATTER JURISDICTION - 6

*__In order for a federal court to exercise jurisdiction over a criminal action, the offense must have__*

*__occurred within:__*

*__[L]ands reserved or acquired for, the use of the United States, and under the exclusive or__*

*__concurrent jurisdiction thereof, or any place purchased or otherwise acquired by the United States by consent of the legislature of the State__* in 'which the same shall be, for the erection of a fort, magazine, arsenal, dockyard, or other needful building. 18 U.S.C. § 7(3) (2000).

*[United States v. Perez, 2006 U.S. Dist. LEXIS 75086, No. CR-06-0001-MAG (2006)]*

---

*First. -Jurisdiction is conferred Upon the District Courts "of all crimes and offenses cognizable*

*under the authority of the United States." Judicial Code, § 24, 28 U. S. C. A. § 41(2). Crimes are thus cognizable-*

*"When committed within or on any lands reserved or acquired for the exclusive use of the United States, and under the exclusive jurisdiction thereof, or any place purchased or otherwise acquired by the United States by consent of the legislature of the State in which the same shall be, for the erection of a fort, magazine, arsenal, dockyard, or other needful building."*

*[Bowen v. Johnston, 306 U.S. 19, 22 (1939)]*

12. The land I was on, is not within the exclusive jurisdiction of the United States.

*The jurisdiction of a State is co-extensive with its territory; co-extensive with its legislative power. The place described is unquestionably within the original territory of Massachusetts. It is then within the jurisdiction of Massachusetts, __unless that jurisdiction has been ceded to the United States."__*

*[Manchester v. Massachusetts, 139 U.S. 240, 263 (1891)]*

13. The territorial places subject to the jurisdiction of the United States are defined in pertinent part at Title 18 U.S.C. §7

*__TITLE 18 > PART I > CHAPTER 1__*
*__§ 7. Special maritime and territorial jurisdiction of the United States defined.__*

*(3) __Any lands__ reserved or acquired for the use of the United States, and __under the exclusive or__ __concurrent jurisdiction__ thereof, __or any place purchased__ or otherwise acquired by the United States __by consent of the legislature__ of the State, in which the same shall be, for the erection of a fort, magazine, arsenal, dockyard, or other needful building.*

DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF NOTICE TO ABATE FOR LACK OF SUBJECT MATTER JURISDICTION - 7

1

2      This provision, is identical in scope to Article I, §8 cl. 17, in the U.S. Constitution., Congress has

3      clearly defined the territorial jurisdiction of the United States, pursuant to the limits imposed upon them by the
       Constitution.

4      14.  This Court, 133 years after Ex Parte Watkins, 3 Pet 193, 7. Led 650 (1830), quoted that:

5              In the leading case of Ex parte Watkins (US) 3 Pet 193,7 L ed 650 the court stated: **_An_**

6      **_imprisonment under a judgement cannot be unlawful, unless that judgment be an absolute nullity; and it_**
       **_is not a nullity if the court has general jurisdiction of the subject, although it should be erroneous._**" 3

7      Pet, at 203.

8                              [Fay v. Noia 372 U.S. 391, 450 (1963)]

9      15.  A federal court only has general jurisdiction over the subject matter in the following types of cases: (1) Felonies

10         within federal territories, ceded lands, unceded lands pursuant to the power to "punish" (Article III courts only),

           and the high seas; and (2) Misdemeanors within federal territories, ceded lands, unceded lands pursuant to a

11         delegated power (Article III courts only), and the high seas. This Court in New Orleans v. United States, 35

12         U.S. 662, 736-737 (1836), now standing for 188 years and reaffirmed 58 years later, stated that:

13             The government of the United States; as was well observed in the argument, is one of

14     limited powers. It can exercise authority over no subjects, except those which have, been delegated to it.
       **_Congress cannot, by legislation, enlarge the Federal jurisdiction, nor can it be enlarged under the treaty_**

15     **_making power._**
                             [...]

16             "**_Special provision is made in the Constitution for the cession of jurisdiction from the_**
       **_states over places where the Federal government shall establish forts or other military works, and it is only_**

17     **_in these places,_** or in the territories of the United States, **_where it can exercise a general jurisdiction._** "The
       state of Louisiana was admitted into the Union on the same footing as the original states. Her rights of

18     sovereignty are the same, and, by consequence, no jurisdiction of the Federal government, either for
       purposes of police or otherwise, can be exercised over this public ground, which is not common to the

19     United States.

20                   [United States v: Illinois Central R. Co., 154 U.S. 225 (1894)]

21     16.  The United States Supreme Court, 24 years ago, quoting Chief Justice Marshall in Cohens v. Virginia, 6 Wheat

22         264, 426 (1821), standing for nearly 200 years, stated that:

23             In recognizing this fact we preserve one of the few principles that has been consistent

24     since the
               Clause was adopted. The regulation and punishment of intrastate violence that is not

25     directed at the instrumentalities, channels, or goods involved in interstate commerce has always been the
       province of the States. See, e.g., Cohens v Virginia, 6 Wheat 264, 426, 428, 5 L Ed 257 (1821) (Marshall,

26     C. J.) (stating that Congress "has no general right to punish murder committed within any of the States,"
       and **_that it is "clear... that congress cannot punish felonies generally"_**). Indeed, we can think of no better

27     example of the police power, which the Founders denied the National Government and reposed in the

28     DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF NOTICE TO ABATE FOR LACK OF SUBJECT
       MATTER JURISDICTION - 8

*States, than the suppression of violent crime and vindication of its victims. See, e.g., Lopez, 514 US, at 566, 131 L Ed 2d 626, 115 S Ct 1624 ("The Constitution. . . <\*pg. 677> withhold[s] from Congress a plenary police power'); id., at 584-585, 131 L Ed 2d 626, 115 S Ct 1624 (Thomas, J., concurring) ("[W]e always have rejected readings [529 US 619] of the Commerce Clause and the scope of federal power that would permit Congress to exercise a police power"), 596-597, and n 6, 131 L Ed 2d 626, 115 5 Ct 1624 (noting that the first Congresses did not enact nationwide punishments for criminal conduct under the Commerce Clause).*

*[United States v. Morrison, 529 U.S. 598, 618 (2000)]*

The United States Supreme Court has stated, "it is clear," not vague or ambiguous, but CLEAR. Time and time again, the Court has affirmed that Congress cannot punish felonies generally, except in the three provisions where the power to "punish" is specifically delegated by enumeration in the Constitution.

17. Here, the United States Supreme Court discusses "crimes" (felonies) and "offenses" (felonies and misdemeanors), emphasizing their implementation within the restrictions imposed by the Constitution.

*Among the powers which the Constitution expressly confers upon Congress is the power to make all. laws necessary and proper for carrying into execution the powers specifically granted to it, and all other powers vested by the constitution in the government of the United States, or in any department or officer thereof. In the exercise of this general power of legislation. Congress may use any means, appearing to it most eligible and appropriate, which are adapted to the end to be accomplished, and are **consistent with the letter and the spirit of the Constitution**. Although **the Constitution contains no grant, general or specific, to Congress of the power to provide for the punishment of crimes, except piracies and felonies on the high seas, offenses against the law of nations, treason, and counterfeiting the securities and current coin of the United States,** no one doubts the power of Congress to provide for the punishment of all **crimes** and **offenses** against the United States, whether committed within one of the states of the Union, or within territory over which Congress has [144 US 284] plenary and exclusive jurisdiction.*
*[Logan v. United States, 144 U.S. 263, 283-284 (1892)] (Citations Omitted)*

18. Thomas Jefferson, Founding Father, creator, and signer of the Declaration of Independence, as well as former President of the United States, comprehended the true meaning of the Constitution at its adoption. In a document authored by him entitled the Kentucky Resolutions of 1798, he explicitly articulates this understanding.

*[T]he Constitution of the United States, having delegated to congress the power to punish treason, counterfeiting the securities and current coin of the United States, piracies, and felonies committed on the high seas, and offenses against the law of nations, **and no other crimes whatsoever;** and it being, true as a general principal, and one of the amendments to the Constitution having so declared, that, "the powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively, or to the people," therefore ... **all other acts which assume to create, define, or punish crimes, other than those so enumerated in the Constitution, are altogether void and of no force;** and that the power to create, define, and punish such other crimes is reserved, and, of right, appertains solely and exclusively to the respective States, **each within its own territory.***

DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF NOTICE TO ABATE FOR LACK OF SUBJECT MATTER JURISDICTION - 9

*[The Kentucky Resolutions of 1798, reprinted in The Portable Thomas Jefferson, 281, 282 (Merrill Peterson ed., 1979)]*

This corresponds with the ruling in Logan v. United States supra. Mr. Jefferson articulates that the power to punish other crimes is exclusively reserved "...solely and exclusively to the respective States, each within its own territory." He directly links the authority to punish other crimes to the states of the Union. He even employs language from the Tenth Amendment, elucidating that where this power to punish is not specifically delegated by enumeration, it is reserved to the states of the Union, each within their own territory. As evident, the direct connection to "punish" other crimes is unified with whoever holds territorial jurisdiction (sovereignty) over the land.

19. Under the Doctrine of Conflict of Laws, no state or nation can exercise penal jurisdiction over persons or property outside of its territorial jurisdiction except by treaty:

> By the law of England and of the United States, **the penal laws of a country do not reach [127 US 290] beyond its own territory**, except when extended by express treaty or statute to offenses committed abroad by its own citizens; and they must be administered in its own courts only, and cannot be enforced by the courts of another country. Chief Justice Marshall stated the rule in the most condensed form, as an incontrovertible maxim: "The courts of no country execute the penal laws of another" The Antelope, 10 Wheat. 66, 123. **The only cases in which the courts of the United States have entertained suits by a foreign State have been to enforce demands of a strictly. civil nature. ...**
>
> The rule that the courts of no country execute the penal laws of another applies not only to prosecutions and sentences for crimes and misdemeanors but also to all suits in favor of the State for the recovery of pecuniary penalties for any violation of statutes for the protection of its revenue, or other municipal laws, and to all judgments for such penalties. If this were not so, all that would be necessary to give ubiquitous effect to a penal law would be to put the claim for a penalty into the shape of a judgment.
>
> Lord Kames, in his Principles of Equity, cited and approved by Mr. Justice Story in his Commentaries on the Conflict of Laws, after having said, **'The proper place for punishment is where the crime is committed**, and no society takes concern in any crime but what is hurtful to itself,' and recognizing the duty to enforce foreign judgments or decrees for civil debts or damages, adds: 'But this includes not a decree decerning for a penalty; because no court reckons itself bound to punish, or to concur in punishing, any delict committed extra territorium.'

20. Black's Law Dictionary defines the term "territory" as follows:

> **Territory:** *A part of a country separated from the rest, and subject to a particular jurisdiction. Geographical area under the jurisdiction of another country or sovereign power.*

21. The 50 states of the Union of the country called the United, States of America are not territories of the federal government of the United States, but instead are sovereign nations under the Law of Nations, except in respect to those matters specifically delegated to the federal government.

> **The States between each other are sovereign and independent**. They are distinct and separate

DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF NOTICE TO ABATE FOR LACK OF SUBJECT MATTER JURISDICTION - 10

*sovereignties, except so far as they have parted with some of the attributes of sovereignty by the Constitution. **They continue to be nations**, with all their rights, and under all their national obligations, and with all the rights of nations in every particular; except in the surrender by each to the common purposes and objects of the Union, under the Constitution. The rights of each State, when not so yielded up, remain absolute. Congress have never provided for the proof of the laws of the States when they are brought forward in the Courts of the United States, or in the courts of the States; and they are proved as foreign laws are proved.*

[Bank of Augusta v. Earle, 13 Pet. 519, 38 U.S. 519, 10 L. Ed. 274 (1839)]

22. While Congress may legislate with respect to all lands within the limits of territories, it has no legislative control over the states of the Union. Regarding the states, Congress must be limited to authority over property belonging to the "United States" within their limits. The states of the Union do not have the power to directly enlarge or contract federal jurisdiction, and Congress has legislated accordingly.

***TITLE 40 > SUBTITLE H > PART A > CHAPTER 31 > SUBCHAPTER II §3112.***

*Federal* ***Jurisdiction***

*the* *(c) Presumption. It is conclusively presumed that jurisdiction has not been accepted until Government accepts jurisdiction over land as provided in this section.*

23. Clearly, if the federal government already had jurisdiction, they would not need to 'accept' it. Unless and until notice and acceptance of jurisdiction has been given, federal courts are without jurisdiction to punish under criminal laws of the United States for an act committed on lands acquired by the United States, as provided by 40 U.S.C. §3112 (former 40 U.S.C. § 255). See also Adams v. United States, 319 U.S. 312 (1943). The United States Supreme Court has explained that if the court is without jurisdiction, then it would not matter if found guilty by a jury 100 times. See Maxfield's Lessee v. Levy, 4 U.S. 330 (1797).

24. If the federal government contends for the power to prosecute felonious crimes outside of their concurrent or exclusive legislative (territorial) jurisdiction, they must prove an extraterritorial application of the statute in question as well as a constitutional foundation supporting the same. Without this showing, no federal prosecution can be commenced for offenses committed outside their concurrent or exclusive legislative (territorial) jurisdiction.

All of Title 18 U.S.C. is written to occur within the special maritime and territorial jurisdiction of the United States, unless a statute clearly conveys that it is meant to apply extraterritorially (which must be supported by a constitutional foundation, such as the power to 'punish'). This is why the United

States is defined, in a 'territorial sense,' at 18 U.S.C. §5, as places subject to their jurisdiction (which places are defined at 18 U.S.C. §7, supra). Utilizing the people's ignorance of the law, Congress refers to places subject to their jurisdiction as the 'United States.'

### *TITLE 18 > PART I > CHAPTER 1*
#### *§5. United States defined*

The term "United States", as used in this title in a territorial sense, includes all places and waters, continental or insular, subject to the jurisdiction of the United States, except the Canal Zone.

For an excellent example of a statute that gives a clear indication of its extraterritorial application see 18 U.S.C. §470.

### *TITLE 18 > PART I> CHAPTER 25§ 470. Counterfeit acts committed outside the United States*

*A person who, **outside the United States**, engages in the act of—*

*(1)  making, dealing, or possessing any counterfeit obligation or other security of the United States;*

*or*

*(2) making, dealing, or possessing any plate, stone, analog, digital, or electronic image, or other thing, or any part thereof, used to counterfeit such obligation or security,*

*if such act would constitute a violation of section 471, 473, or 474 [18 USCS § 471, 473, or 474] if committed within the United States, shall be punished as is provided for the like offense within the United States.*

The above statute aligns perfectly with the U.S. Constitution. The federal government possesses constitutional authority to 'punish' offenses committed outside the territorial boundaries of the 'United States,' particularly in cases involving counterfeiting of securities and current coin of the United States.

## The Necessary and Proper Clause

1.  Pursuant to Article I, §8, cl. 18 (the Necessary and Proper clause), Congress is authorized, "To make all Laws which shall be necessary and proper for carrying into Execution the foregoing Powers...." It has been construed as a grant of power to "punish" by the federal government, when it is not. This Court has stated:

*The last paragraph of the section which authorizes Congress to make all laws which shall be necessary and proper for carrying into execution the foregoing powers, and all other powers vested by this Constitution in the government of the United States, or in any department or officer thereof, **is not the delegation of a new and independent power, but simply provision for making effective the powers thereofore mentioned.***

DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF NOTICE TO ABATE FOR LACK OF SUBJECT MATTER JURISDICTION - 12

*[Kansas v. Colorado, 206 U.S. 46, 88 (1907)]*

> *The Necessary and Proper Clause authorizes congressional action "incidental to [an enumerated] power ... Chief Justice Marshall was emphatic that no "great substantive and independent power" can be "implied as incidental to other powers, or used as a means of executing them. "Id., at 418, 411, 4 L. Ed. 579; see also Gibbons v. Ogden, 9 Wheat. 1, 195, 6 L. Ed. 23 (1824) ("The enumeration presupposes something not enumerated"). [*
>
> *United States v. Kebodeaux, 186 L. Ed: 2d 540 (2013)(Brackets in original)] In fact, the Anti-Federalists objected that the Necessary and Proper clause would allow Congress, inter alia, to "constitute new Crimes, ... and extend [its] Power as far as [it] shall think proper; so that the State Legislatures have no Security for the Powers now presumed to remain to them; or the People for their Rights." Mason, Objections to the Constitution Formed by the Convention. (1787), in 2 The Complete Anti-Federalist 11, 12-13 (H. Storing ed. 1981) (emphasis added). Hamilton responded that these objections were gross "misrepresentation[s]." The Federalist No. 33, at 204. He termed the Clause "perfectly harmless," for it merely. confirmed Congress' implied authority to enact laws in exercising its **enumerated** powers.*

> *[Gonzales v. Ralch, 545 U.S. 1, n5 (2005)]*

Given that the 'necessary and proper clause' is not a direct grant of power but rather a provision for executing the enumerated powers, how does it confer the authority to punish where such power has not been expressly delegated? Isn't the federal government structured as a system of delegated, limited, and enumerated powers?

2.  Implying the power to 'punish' under the commerce clause, through the necessary and proper clause, is neither favored nor appropriate. Congress cannot unilaterally grant themselves jurisdiction or an undelegated power to 'punish' felonies based on their delegated authority to regulate interstate commerce, simply deeming it 'necessary and proper.' This is because jurisdiction cannot be acquired tortiously, by disseisin of the state, and it is a fundamental precept that the rights of sovereignty are not to be taken away by implication.

> ***In deciding the case, the court said that the possession of the post by the United States must be considered as a possession for the State, not in derogation of her rights, observing that it regarded it as a fundamental principle that the rights of sovereignty were not to be taken away by implication.*** *"If the United States," the court added, "had the right of exclusive legislation over, the Fortress of Niagara they would have also exclusive jurisdiction; but we are of opinion that the right of exclusive legislation within the territorial limits of any State can be acquired by the United States only in the mode pointed out in the' Constitution, by purchase, by consent of the Legislature of the State in which the same shall be, for the erection of forts, magazines, arsenals, dock-yards, and other needful buildings.* ***The essence of that provision is that the State shall freely cede the particular place to the United States for one of the specific and enumerated objects. This jurisdiction cannot be acquired tortiously by disseisin of the State;*** *[114 US 539] much less can it be acquired by mere occupancy, with the implied or tacit consent of the State, when such occupancy is for the purpose of protection."*

> *[Fort Leavenworth R. Co. v. Lowe, 114 U.S. 525, 538-539(1885)]*

As Chief Justice Marshall stated:

> *It is a rule of construction, acknowledged by all, that the exceptions from a power mark its extent [Gibbons v. Ogden, 9 Wheat 1, 191 (1824)]*

DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF NOTICE TO ABATE FOR LACK OF SUBJECT MATTER JURISDICTION - 13

3. If the power to 'regulate' allowed Congress to 'punish' through the necessary and proper clause, there would have been no need to specifically delegate, by enumeration, the power to 'punish' counterfeiting the securities and current coin of the United States (Article I, §8, cl. 6) in aid of their power to coin money and regulate its value under the Constitution (Article I, §8, cl. 5). The delegation of the power to punish counterfeiting to Congress was necessary because counterfeiting devalues legal tender and undermines the economy. It's essential to remember that their power is to regulate the value of the coin.

> *The authority of the existing congress is restrained to the regulation of coin struck by their own authority, or that of the respective States. It must have been seen at once that the proposed uniformity in the value of the current coin might be destroyed by subjecting that of foreign coin to different regulations of different States* **_The punishment of counterfeiting the public securities, as well as the current coin, is submitted of course to that authority which is to secure the value of both._**
> [The Federalist Papers, No. 42]

4. It's evident that the power to punish counterfeiting was specifically delegated to Congress to support their authority to regulate the value of the currency they mint. This authority was not inherently granted to them; rather, it was deliberately bestowed upon Congress by the Framers of the Constitution. They wouldn't have delegated such a power if Congress already possessed it wherever they deemed it 'necessary and proper.' Moreover, they wouldn't have done so if this power to punish could be implied solely from their delegated and enumerated power to regulate. The power to punish felonious crimes derives from other provisions of the Constitution, not from regulatory or necessary and proper powers. This acknowledgment by the Court underscores the limitations and scope of congressional authority.

> *Congress is expressly authorized "to provide for the punishment of counterfeiting the securities and current coin of the United States, and to define and punish piracies and felonies committed on the high seas and offenses against the laws of nations." It is also empowered to declare the punishment of treason, and provision is made for impeachments.* **_This is the extent of power to punish crime [79 US 536] expressly conferred._** [Knox v. Lee, 79 U.S. 457, 535-536, 20 L. Ed. 287, 12 Wall. 457 (1871)]

5. If Congress could expand its territorial jurisdiction to punish felonious crimes at will, whether through the guise of regulating interstate commerce or, notably, when regulating the value of currency, simply by enacting laws, there would have been no necessity for the Framers of the Constitution to specifically delegate the enumerated power to 'punish' where it was needed. Similarly, there would have been no requirement for the individual states to cede jurisdiction to Congress, nor for Congress to accept those cessions of jurisdiction. Chief Justice Marshall, speaking in regard to the necessary and proper clause, observed that:

> *Congress may pass all laws which are necessary and proper for giving the most complete effect to this power [The judicial power extending to "all Cases of admiralty and maritime Jurisdiction" power]. Still, the* **_general jurisdiction over the place [of the crime]. ... adheres to the territory_***, as a portion of sovereignty not yet given away.*
> [United States v. Bevans, 16 U.S. 336, 389 (1818)]

Even before Chief Justice Marshall, this Court stated that:

> *"In relation to crimes and punishments, the objects of the delegated power of the United States enumerated and fixed.* **_Congress may provide for the punishment of counterfeiting the securities and current coin of the United States; and may define and punish piracies and felonies committed on the_**

DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF NOTICE TO ABATE FOR LACK OF SUBJECT MATTER JURISDICTION - 14

*high seas, and offences against the law of nations. Article 1, § 8. And, so likewise congress may make all laws which shall be necessary and proper for carrying into execution the powers of the general government. But here is no reference to a common law authority:* Every power is matter of definite and positive grant; and the very powers that are granted cannot take effect until they are exercised through the medium of a law.

[...]

PETERS, District Judge. Whenever a government has been established, I have always supposed, that a power to preserve itself, was a necessary and an inseparable concomitant. But the existence of the federal government would be precarious, and it could no longer be called an independent government, if, **for the punishment of offences of this nature, tending to obstruct and pervert the administration of its affairs**, an appeal must be made to the state tribunals, or the offenders must escape with absolute impunity. **The power to punish misdemeanors is originally and strictly a common law power; of which I think the United States are constitutionally possessed.** It might have been exercised by congress in the form of a legislative act; but it may also, in my opinion, be enforced in a course of judicial proceeding. **Whenever an offence aims at the subversion of any federal institution, or at the corruption of its public officers, it is an offence against the well-being of the United States.**

[United States v. Worrall, 2 U.S. 384, 391, 395 (1798)]

6. If the notion of exercising the power to 'punish' under the guise of regulating commerce truly reflected the will of the people, why was there no amendment to the Constitution to authorize it? In the era of prohibition, a constitutional amendment was deemed necessary to enforce federal laws governing the manufacture, transportation, and sale of alcohol within the states of the Union. Why, then, is a similar constitutional amendment not deemed necessary for enforcing such authority in this case?

7. To clarify, if the Necessary and Proper clause or the power to regulate were interpreted to imply Congress's authority to punish felonies (since we clearly see that the power to punish is not explicitly enumerated there, indicating it is not delegated), it would negate the need for states to cede legislative jurisdiction over land owned by the "United States" or consent to its purchase, as outlined in Article 1, §8, cl. 17. This is because, under the Property Clause, Congress is authorized to "make all needful Rules and Regulations respecting the Territory or other Property" belonging to them.

Moreover, the mistaken interpretation of the Constitution currently applied by the courts under the Commerce Clause's power to regulate would suggest that Congress could punish any crime they deemed necessary and proper, such as murder, without requiring concurrent or exclusive legislative jurisdiction to be ceded. In such a scenario, Congress would not need to specify that the crime of murder must occur "within the special maritime and territorial jurisdiction of the United States" (as per 18 U.S.C. §1111 and 1112 for murder and manslaughter respectively). This principle is illustrated in cases like United States v. Tully, 140 F. 899 (9th Cir. September 23, 1905), and United States v. Watkins, 22 F.2d 437 (1927).

8. How can the United States Department of Justice justify punishing under the guise of regulating commerce when the power to "punish" is not even delegated under the commerce clause? They do so by relying not on the Constitutional Commerce Clause, but on the statutory definition of interstate and foreign commerce, which applies only to federal territory.

## **Statutory Interstate Commerce**

DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF NOTICE TO ABATE FOR LACK OF SUBJECT MATTER JURISDICTION - 15

1. The Federal Rules of Criminal Procedure, are made explicitly applicable to the United States district courts:

> **_TITLE I > RULE 1_**
> **_Scope; Definitions_**
>
> *(a) Scope.*
>
> *(1) In General. These rules govern the procedure in __all criminal proceedings__ in the __United States district courts__, the 'United States courts of appeals, and the Supreme Court of the United States.*

As can be plainly seen, the criminal rules, of procedure govern every criminal proceeding in all United States district courts. These rules trump all laws in conflict with them:

> **_TITLE 28 > PART V > CHAPTER 131_**
> **_§ 2072. Rules of procedure and evidence; power to prescribe_**
>
> *(b) Such rules shall not abridge, enlarge or modify any substantive right. __All laws in conflict with such rules shall be of no further force or effect after such rules have taken effect.__*

2. Title 18, the Criminal Code, Congress has defined Interstate and Foreign Commerce as:

> **_TITLE 18 > PART I > CHAPTER 1§10 Interstate commerce and foreign commerce defined_**
>
> *The term "interstate commerce", as used in this title, includes commerce between one **State**, Territory, Possession, or the District of Columbia and another **State**, Territory, Possession, or the District of Columbia.*

The term 'foreign commerce ", as used in this title, includes commerce with a foreign country.

3. The United States Supreme Court has also defined the term "State" in the Federal Rules of Criminal Procedure, Rule 1(b)(9), to only include places under the concurrent or exclusive legislative jurisdiction of the "United States".

> **_TITLE I > RULE I_**
>
> *Scope; Definitions*
>
> *(b) Definitions.*
>
> *(9) "State" includes the District of Columbia, and any commonwealth, territory, or possession of the United States.*

4. When trying to understand words like "State," "Territory," or "Possession," which may be unclear, I can apply the principles of Ejusdem Generis or Noscitur a Sociis. These principles suggest that these terms should be interpreted similarly to the term "District of Columbia." In other words, they refer to areas under the concurrent or exclusive legislative jurisdiction of the "United States."

DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF NOTICE TO ABATE FOR LACK OF SUBJECT MATTER JURISDICTION - 16

# The term "includes"

1. It's indisputable that the term "includes" is often used in a manner that's intended to mislead and deceive. The United States Supreme Court has repeatedly emphasized the need for strict interpretation of statutes, meaning they should be understood precisely as written. This principle applies equally to rules established by the Supreme Court, as they derive their authority from Congress. In a recent case, Arlington Central School Dist. Bd. of Educ. v. Murphy, the court underscored this fundamental principle of statutory construction:

> We have "stated time and again that __courts must presume that a legislature says in a statute what it means and means in a statute what it says there__." When the statutory "language is plain, the sole function of the courts - at least where the disposition required by the text is not absurd - is to enforce it according to its, terms." In construing statutes, Kentucky has long applied the legal maxim expression unius est excluslo alterius, "meaning the expression of one thing is the exclusion of another."
> [Arlington, Cent., Sch. Dist. Bd. of Educ. v. Murphy, 548 U.S. 291, 296 (2006)] (Citations Omitted)

2. The federal government is manipulating "words of art" to deceive and weaken the sovereignty of non-governmental parties. This manipulation involves expanding the scope of statutory terms by adding elements or categories that aren't explicitly defined, often through the misuse of the term "includes," contrary to established rules of statutory interpretation. According to Treasury Definition 3980, Vol. 29, January-December 1927, pages 64 and 65, the terms "includes" and "including" are defined as follows:

> (1), To comprise, comprehend, or embrace. (2) To enclose within; contain; confine: But granting that the word including is a term of enlargement, __it is clear that it only performs that office by introducing the specific elements constituting the enlargement. It thus, and thus only, enlarges the otherwise more limited, preceding general language.__ The word including is obviously used in the sense of its synonyms, comprising; comprehending; embracing.

3. When the term "includes" is used as a word of limitation it will "contain" or "embrace" only certain meanings.

> The determining word is, of course the word "including. " It may have the sense of addition, [221 US 465] as we have seen, and of "also;" but, we have also seen, "may merely specify particularly that which belongs to the genus." Hiller v. United States, 45 C. C. A. 229, 106 Fed. 73, 74. It is the participle of the word "include," which means, according to the definition of the Century Dictionary, (1) "To confine within something; hold as in an inclosure; inclose; contain." (2) "To comprise as a part, or as something incident or pertinent; comprehend; take in; as the greater includes the less; the Roman Empire included many nations." "Including," being a participle, is in the nature of an adjective and is a modifier.
> [...]
> __the court [the Supreme Court of the State] also considered that the word "including" was used as a word of enlargement, the learned court being of opinion that such was its ordinary sense. With this we cannot concur. It is its exceptional sense, as the dictionaries and cases indicate.__
> We may concede to and the additive power attributed to it. It gives in connection with "including" a quality to the grant of 110,000 acres which it would not have had, -the quality of selection from the saline lands of the state. And that such quality would not exist unless expressly conferred we do not understand is controverted. Indeed, it cannot be controverted.

*[Montello Salt Co. v. Utah, 221 US 452, 464-465, 466 (1911)]*

4. For instance: "Trucks" includes Ford F150, Dodge Ram, and Chevy Silverado. Is there any reason to believe the definition of "Trucks" includes other trucks not mentioned? If the definition of "Trucks" included unmentioned trucks, it would render defining the term "Trucks" to include the mentioned trucks redundant, as the term "Trucks" would then naturally encompass every conceivable type of truck.

> ***In construing statutes, words are to be given their natural, plain, ordinary and commonly understood meaning unless it is clear that some other meaning was intended, and where Congress has carefully employed a term in one place and excluded it in another, it should not be implied where excluded.***
> *[United States v. Wong Kim Bo, 472 F2d 720, 722 (1972)] (Citations Omitted)*

5. The term "Trucks" must be given its "known and ordinary signification, unless that sense be repelled by the context." Lessee of Levy et al. v. M'Cartee, 31 U.S. 102, 6 Pet. 102, 110 (1832).

> ***Context.***
>
> *Those parts of a writing which precede and follow a phrase or passage in question, and which may be looked at to explain the meaning of the phrase or passage.*
> *[The Law Dictionary, Anderson Publishing Co., 2002]*

6. To ascertain the meaning of "Trucks" as defined above, we examine the words preceding or following it. As no preceding words aid in determining its meaning, we rely on those following it. Thus, we interpret "Trucks" to refer to Ford F150, Dodge Ram, and Chevy Silverado. Absent this contextual explanation, "Trucks" would adopt its typical plural sense, encompassing every conceivable type of truck.

> ***TERM Pick-up Truck.***
>
> *A motor vehicle with small truck body, handy for the transportation of packages. and other light articles, being also available for use as an ordinary one-seated automobile.*
> *[Ballentine's Law Dictionary, 3rd Edition]*

7. The same principle applies to the term "State" as defined in the Federal Rules of Criminal Procedure. Since the subsequent words (context) following the term "State" do not encompass the "states of the Union" or the "50 states," we construe its meaning to be confined to the District of Columbia, any commonwealth, territory, or possession of the United States.

> *"We cannot supply what Congress has studiously omitted."*
> *[FTC v. Simplicity Pattern Co., 360 U.S. 55, 67 (1959)]*
>
> *If Congress intended to use the term "disability" as a term of art, a shorthand way of referring to the statutory definition, the employer must pay total compensation. If Congress intended a broader and more usual concept of the word, the judgment below must be affirmed. **Statutory definitions control the meaning of statutory words**, of course, in the usual case.*
> *[Lawson v. Suwannee Fruit & S.S. Co., 336 U.S. 198,201 (1949)]*

DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF NOTICE TO ABATE FOR LACK OF SUBJECT MATTER JURISDICTION - 18

8. If Congress does not want to limit the term includes, they will explicitly say so, see for example The Federal Debt Collection Procedure

> ***TITLE 28 > PART V > CHAPTER 176 > SUBCHAPTER A***
>
> *§3003 Rules of construction*
>
> *(a) Terms. For purposes of this chapter [28 USCS §§ 3001 et seq.]--*
>
> *(1) the terms "includes" and "including " are not limiting;*
>
> *(2) the term "or" is not exclusive; and*
>
> *(3) the singular includes. the plural*

And the Immigration and Nationality Act:

> *TITLE 8 > CHAPTER 12 §1101 Definitions*
>
> *(a) As used in this Act-*
>
> *(2) The term "advocates" includes, but is not limited to, advises, recommends, furthers by overt act, and admits belief in.*

9. The courts lack the legislative power to ascribe meanings to definitions using words or phrases omitted by Congress and this Court. If the definition of "State" included places not explicitly mentioned, there would be no need to define the places it does, as they would automatically be included. Therefore, neither the states of the Union nor the 50 states can be inferred into the definition of "State" in FRCrimP, Rule 1(b)(9), pursuant to the term "State" in the definition of "interstate commerce" at 18 U.S.C. §10, because they are not mentioned. The rules limiting the territorial reach of the "interstate commerce" statute in Title 18 U.S.C. Interstate Commerce Crimes signify that Congress lacks inherent power to "punish" felonious crimes under the constitutional Commerce Clause, as the power to punish is not enumerated (delegated) there. Given that we know the definition of "State" in the Federal Rules of Criminal Procedure does not include unmentioned places, the interpretation of this rule of criminal procedure is in perfect harmony with the doctrines of law and the cardinal rule of statutory construction that words or phrases omitted were intended to be omitted.

10. Therefore, a "State," as it pertains to the "interstate commerce" definition and the FRCrimP, encompasses any place subject to the jurisdiction of the United States. This assertion is further supported below.

## The term "State"

Just as there is constitutional and statutory interstate commerce there is also a constitutional State and statutory State.

1. The Constitution is a compact or contract written by and between the states of the Union and their new servant, the federal government. It grants authority to the federal government over the property under its control and

DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF NOTICE TO ABATE FOR LACK OF SUBJECT MATTER JURISDICTION - 19

stewardship, which at the time was limited to the District of Columbia. Because the states authored it, the word "State" is capitalized to denote their sovereignty. Federal statutes and acts of Congress are written by Congress under the authority of the Constitution. In this context, since the servant is writing the law, it assumes the role of sovereign over the property under its stewardship, which includes only the federal "States" listed in Title 48 of the U.S. Code, such as territories and possessions of the United States.

2.  Black's Law Dictionary has defined State as:

> *State Defined:*
>
> *The section of territory, occupied by one of the United States.* **One of the component commonwealths or states of the United States of America.** *The term sometimes applied also to governmental agencies authorized by state, such as municipal corporations.* **Any state of the United States, the District of Columbia, the Commonwealth of Puerto Rico, and any territory or possession subject to the legislative authority of the United States.**
> *[Black's Law Dictionary, 6ᵗʰ Edition]*

3.  The definition above highlights two crucial distinctions. Firstly, it acknowledges the existence of the states of the United States of America, commonly known as the states of the Union. Secondly, it refers to "Any state of the United States," which denotes federal "States."

4.  The phrase "of the United States" signifies ownership by the United States. It's important to note that the land constituting the states of the Union does not fall under the jurisdiction of the United States government as territories.

> *Congress possesses no power to legislate except such as is affirmatively conferred upon it through the Constitution, or is fairly to be inferred therefrom...*
> *An act which may be constitutional upon its face, or as applied to certain conditions, may yet be found to be unconstitutional when sought to be applied in a particular case.... It is unnecessary to lay special stress on the title to the soil in which the channels were dug but it may be noticed that it was not in the United States. The language of the acts is "public works of the United States." As the works are things upon which the labor is expended,* **the most natural meaning of "of the United States" is "belonging to the United States."**
> *[Ellis v. United States, 206 U.S. 246, 259 (1907)]*

5.  Any state of the United States is not any ONE OF the 50 states of the Union. The states of the Union are not districts, cantons, subdivisions, or territories of the United States government, while, the insular possessions and other territories are property of the United States and subject to its sovereignty.

> **"The word 'territory,' when used to designate a political organization has a distinctive, fixed, and legal meaning under the political institutions of the United States, and does not necessarily include all the territorial possessions of the United States, but may include only the portions thereof which are organized and exercise governmental functions under act of congress."**
>
> **"'Territories or territory' as including 'state' or 'states.'" While the term 'territories of the' United States may, under certain circumstances, include the states of the Union, as used in the federal Constitution and in ordinary acts of congress 'territory' does not include a foreign state.**

DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF NOTICE TO ABATE FOR LACK OF SUBJECT MATTER JURISDICTION - 20

*"As used in this title, the term 'territories' generally, refers to the political subdivisions created by congress, and not within the boundaries of any of the several states.". [86 Corpus Juris Secundum (C.J.S.), Territories, §1]*

6.  States of the Union are considered 'foreign' in terms of legislative jurisdiction concerning the federal government. In federal law, they are referred to as 'foreign states,' with the lowercase word 'states' within the U.S. Code, and in uppercase as 'States' in the Constitution. Federal 'States,' which are actually territories of the United States, are typically spelled in uppercase in most federal statutes and codes.

> **_Foreign States_**: *"Nations outside of the United States ... Term may also refer to another state; i.e. a sister state. The term, 'foreign nations', ... should be construed to mean, all nations and states other than in which the action is brought; and hence, one states of the union is foreign to another, in that sense."*
> *[Black's Law Dictionary, Sixth Edition, p. 648]*

> **_Foreign Laws_**: *"The laws of a foreign country or sister state. In conflicts of law, the legal principle of jurisprudence which are part of the law of a sister state or nation. Foreign laws are additions to our own laws, and in that respect are called 'jus receptum'."*
> *[Black's Law Dictionary, Sixth Edition, p.647]*

> The U.S District Court in Salonen v. Farley, 82 E supp 25 (1949) stated that:
> *The defendants have correctly stated the well established principle of law that the **_Government of the United States is foreign as to the States of the Union_** within the rule of private international law that the penal statutes of one sovereignty will not be enforced by another It is universally recognized that foreign jurisdictions will not enforce penal statutes of another state.*
> *[Salonen v. Farley, D.C., 82 F.Supp. 25, 27 (1949)] (Citations Omitted)*

7.  Diversity of citizenship serves as a prerequisite for jurisdiction in federal district courts. Citizens of the same state, who fall under the same sovereignty and jurisdiction, are barred from accessing federal district courts unless a federal question is involved. Furthermore, according to federal law at 28 U.S.C. § 1332(a), those initiating legal proceedings in federal district court must be either '(1) Citizens of different States' or '(2) citizens of a State and citizens or subjects of a foreign state...' When Congress initially enacted this provision granting federal district courts jurisdiction over disputes between citizens of various federal 'States,' it did not include a provision for citizens of foreign 'states' (i.e., states of the union) to bring suit therein. The history note provides the following information:

> *The revised section conforms with the views of Philip F. Herrick, United States Attorney, Puerto Rico, who observed that the act of April 20,1940, **permitted action between a citizen of Hawaii and of Puerto Rico [federal "States"], but not between a citizen of New York [a foreign state] and Puerto Rico [a federal State], in the district court**. This changes the law to insure uniformity. The 1940 amendment applied only to the provision as to controversies between "citizens of different States." The new definition in subsection (b) extends the 1940 amendment to apply to controversies between citizens of the Territories or the District of Columbia, and foreign states or citizens or subjects thereof. [28 U.S.C. §1332, History: Ancillary Laws and Directives. p. 2] (Brackets Mine)*

DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF NOTICE TO ABATE FOR LACK OF SUBJECT MATTER JURISDICTION - 21

8. This observation, made by the United States attorney for Puerto Rico while Hawaii was still a Territory of the United States, acknowledged that citizens of Hawaii and Puerto Rico could access the federal district courts because they were citizens of different federal 'States.' He further noted that federal district courts lacked jurisdiction over disputes between citizens of Puerto Rico (who are citizens of the United States) and New York because citizens of New York fall under sovereignty and jurisdiction foreign to the United States, and there was no provision for citizens of foreign states to initiate legal action therein. Congress addressed this issue by adding the provision allowing citizens of foreign states to access federal district courts. This adjustment was necessary because Puerto Rico and other territories/states belonging to the federal government are under the sovereignty of the United States, whereas each state of the Union possesses sovereignty and jurisdiction that is separate, distinct, and foreign to that of the United States.

9. Positive Law from Title 28 of the U.S. Code confirms that states of the Union are considered foreign in relation to federal jurisdiction:

> ### TITLE 18 > PART 1 > CHAPTER 13 § 297 Assignment of judges to courts of the freely associated compact states
>
> *(a) The Chief Justice or the chief judge of the United States Court of Appeals for the Ninth Circuit may assign any circuit, district, magistrate, or territorial judge of a court of the Ninth Circuit, with the consent of the judge so assigned, to serve temporarily as a judge of any duly constituted court of the freely associated compact states whenever an official duly authorized by the laws of the respective compact state requests such assignment and such assignment is necessary for the proper dispatch of the business of the respective court.*
>
> *(b) The Congress consents to the acceptance and retention by any judge so authorized of reimbursement from the countries referred to in subsection (a) of all necessary travel expenses, including transportation, and of subsistence, or of a reasonable per diem allowance in lieu of subsistence. The judge shall report to the Administrative Office of the United States Courts any amount received pursuant to this subsection.*

10. The legal encyclopedia Corpus Juris Secundum says on this subject:

> *"Generally, the states of the Union sustain toward each other the relationship of independent sovereigns or independent foreign states except in so far as the United States is paramount as the dominating government, and in so far as the states are bound to recognize the fraternity among sovereignties established by the federal Constitution, as by the provision requiring each state to give full faith and credit to the public acts records, and judicial proceedings of the other states.."* [81A Corpus Juris Secundum (C.J.S.) United States, §29 (2003)]

11. In 1962, to elucidate the interpretation of the term "State" in federal tax statutes, the Secretary of the Treasury formulated definitions for the terms "State" and "United States" at 26 CFR §31.3132(e)-1.

> *(a) When used in the regulations in this subpart, the term "State" includes the District of Columbia, the Commonwealth of Puerto Rico, the Virgin Islands, the **Territories of Alaska and Hawaii before their admission as States,** and (when used with respect to services performed after 1960) Guam and American Samoa.*

DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF NOTICE TO ABATE FOR LACK OF SUBJECT MATTER JURISDICTION - 22

*(b) When used in the regulations in this subpart, the term "United States", when used iii a geographical sense, means the several States (including the **Territories of Alaska and Hawaii before their admission as States),** the District of Columbia, the Commonwealth of Puerto Rico, and the Virgin Islands. When used in the regulations in this subpart with respect to services performed after 1960, the term "citizen of the United States" includes a citizen of the Commonwealth of Puerto Rico or the Virgin Islands, and effective January 1, 1961, a citizen of Guam or American Samoa. [Emphasis added]*

This regulation demonstrates that the Secretary of the Treasury of the United States recognized that each of the Territories of Alaska and Hawaii, while under the sovereignty and legislative jurisdiction of the United States government as inchoate states before admission to the Union, no longer met the criteria for being classified as "States" as defined in the Code of Federal Regulations for Title 26. Upon their admission into the Union by Congress, these entities were granted separate sovereignty on equal footing with the original states that formed The United States of America. The relationship between the United States government and Alaska and Hawaii changed significantly after their admission to statehood. The United States government relinquished its inherent sovereignty over these former territories, and it was now limited in its authority over these new sovereign states, except where specifically delegated by the U.S. Constitution (such as in matters involving the Interstate Commerce Clause). While Alaska and Hawaii were previously integral parts of the United States, upon their admission as states, they became separate, distinct, independent, and FOREIGN to the United States government, adopting the same status as the other states of the Union from the inception of our political alliance. The Alaska and Hawaii Omnibus Acts clearly illustrate how the statutory term "State" is understood and utilized by Congress.

12. When Alaska was admitted into the union in 1959, IRC §7701(a)(10) was amended by removing "Territories" and inserting "Territory of Hawaii". Then, upon Hawaii's admission, the Hawaii Omnibus Act, 2nd Session, Volume 74, 1960, at Section 18, stated:

*(j) Section 7701(a)(10) of the Internal Revenue Code of 1954 (pertaining to the definition of State) is amended by removing the Territory of Hawaii and ...*

13. Looking at the IRC after Alaska had been admitted as a Union state, in January 1959, it **then** reads, at 22(a) of the Alaska Omnibus Act of the 86th Congress, 1st Session, Volume 73, 1959

*Sec. 22. [Internal Revenue.]*

*(a) Section 2202 of the Internal Revenue Code of 1954 (relating to missionaries in foreign service), and sections 3121(e)(1), 3306(j), 4221(d)(4), and 4233(b) of such Code (each relating to a special definition of 'State') are amended by striking out 'Alaska,'*
*(Parentheses in original.)*

14. This was done again, when Hawaii joined the union, in August.

*Sec. 18. [Internal revenue.]*

*(c). Section 3121(e)(1) of the Internal Revenue. Code of 1954 (**relating to a special definition of 'State'**) is amended by striking Out 'Hawaii',.*
*(d) Sections 3306(j) and 4233(b) of the Internal Revenue Code of 1954 (each relating to a special definition of 'State.') are amended by striking out Hawaii; and.*
*[Hawaii Omnibus Act. Act July 12, 1960, P. L. 86-624, 74 Stat. 411]*

DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF NOTICE TO ABATE FOR LACK OF SUBJECT MATTER JURISDICTION - 23

15.  The above Act supplies a great number of amendments similar to the following:

> *"Sec. 14. [Education.]*
>
> *(a)(1) Subsection (a) of section 103 of the national Defense Education Act of 1958 [20 USCS 403(a)], relating to definition of State, is amended by striking out 'Hawaii,' each time it appears therein.*
>
> *[Hawaii Omnibus Act. Act July, 12, 1960, PL 86-624, 74 Stat. 411]*

16.  In essence, when Alaska and Hawaii became the 49th and 50th states of the Union, Congress promptly removed them from various definitions of "State" across the 48 titles and statutes. Consequently, it follows that the definition of "state" as found throughout the majority of the federal code no longer applies to Alaska and Hawaii (unless specifically included), and by similar reasoning, not to the other 48 Union states as well. Therefore, after the only two incorporated federal Territories/States departed, the District of Columbia remains as an example, which poses a dilemma. This Court previously ruled in Hepburn & Dundas v. Ellsey; 6 U.S. 445 (1805) that within the meaning of the Constitution, the District of Columbia is not a "State."

17.  Only on rare occasions in the codes and statutes is it found necessary to refer to the fifty states, such as in the sentencing guidelines.

> *TITLE 18 > TITLE 18 APPENDIX - SENTENCING GUIDELINES FOR THE UNITED STATES COURTS > CHAPTER TWO > PART C > Sec. 2C1.8§2C1.8 Making, Receiving, or Failing to Report a Contribution, Donation., or Expenditure. in Violation of the Federal Election Campaign Act; Fraudulently Misrepresenting Campaign Authority; Soliciting or Receiving a Donation in connection with an Election: While on Certain Federal Property.*
>
> *Application Notes:*
>
> *1. Definitions For purposes of this guideline:*
> *"Foreign national" has the meaning given that term in section 319(b) of the Federal Election Campaign Act of 1971, 52 U.S.C. § 30121(b).*
>
> *"Government of a foreign country" has the meaning given that term in section 1(e) of the Foreign Agents Registration Act of 1938 (22 U.S. C. § 611(e)).*
>
> *<u>"Government funds" means money, assets, property, of the United States government, of a State government, or of a local government, including any branch, subdivision, department, agency, or other component of any such government. "State" means any of the fifty states, the District of Columbia, the Commonwealth of Puerto Rico, the United States Virgin Islands, Guam, the Northern Mariana Islands, or American Samoa.</u>*

18.  The territories are inchoate "States" under the sovereignty of the United States. Notice these explanations.

> *"State" Compared and Distinguished*
>
> *"The word 'state' is often used in contradistinction to 'territory, and it is only in exceptional cases that the word applies to a territory. The chief distinction between a state and territory is in the*

DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF NOTICE TO ABATE FOR LACK OF SUBJECT MATTER JURISDICTION - 24

*matter of sovereignty and the relation of each of the government of the United States...*
*Embryo or inchoate state. Although a territory has been regarded as an embryo or inchoate state, the use of the term 'territory' does not necessarily involve the idea or promise of future statehood."*
*[86 Corpus Juris Secundum C.J.S.), Territories §101*

*The impermanent character of these governments has often been noted. Thus, it has been said,* ***"The territorial state is one of pupilage at best," "A territory, under the Constitution and laws of the United States, is an inchoate state,"*** *"During the term of their pupilage as Territories, they are mere dependencies of the United States.",*
*[O'Donoghue v. United States, 289 U.S.516, 539741 (1933)] (Citations Omitted)*

19. Under the treaty with Spain, the territories (insular possessions) were referred to as "States" for the purpose of property ownership, disposition, and inheritance. These "States" encompass territories such as the Philippines (which opted for independence from the United States in 1946), Puerto Rico, the U.S. Virgin Islands, Guam, American Samoa, the Northern Mariana Islands, etc. Their classification varies from section to section in the various codes and statutes, depending on the specific application. It is these inchoate "States," rather than the sovereign states of the Union, that fall under the interstate commerce definition. The federal government is a product of the people of the states of the Union, and the states of the Union have not been assimilated into the federal government that they established.

## Police Powers

1. "Police Power" is defined as:

   *The inherent power of a government to exercise reasonable control over persons and property within its jurisdiction in the interests of the general security, health, safety morals, and welfare except where legally prohibited (as by constitutional provision).*
   *[Webster's Third New International Dictionary, unabridged (1981) p. 1754]*

2. The Tenth Amendment reserves all powers not delegated to the United States, to the states respectively, or to the people. Because the power to 'punish' is not delegated by enumeration in aid of Congress' commerce clause power, the places wherein Congress can regulate interstate commerce through the imposition of felonious criminal statutes are limited by the Constitution. The United States Supreme Court has stated time and again that 'The federal government has nothing approaching a police power'.

   *Justice Thomas, concurring:*

   *The Court today properly concludes that the Commerce Clause does not grant Congress the authority to prohibit gun possession within 1,000 feet of a school, as it attempted to do in the Gun-Free School Zones Act of 1990, Pub L 101-647, 104 Stat 4844. Although I join the majority,* ***I write separately to observe that our case law has drifted far from the original understanding of the Commerce Clause.*** *In a future case, we ought to temper our Commerce Clause jurisprudence in a manner that both makes sense of our more recent case law and is more faithful to the* ***original understanding of that Clause.*** *We have said that Congress may regulate not only "Commerce. . . among the several States, US Const, Art I, § 8, cl 3, but also anything that has a "substantial effect" on such commerce.* ***This test, if taken to its logical extreme, would give Congress a "police power" over all aspects of American life. Unfortunately, we have never come to grips with this implication of our substantial effects formula.*** *Although we have*

DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF NOTICE TO ABATE FOR LACK OF SUBJECT MATTER JURISDICTION - 25

*supposedly applied the substantial effects test for the past 60 years, __we always have rejected__* *__readings of the Commerce Clause and the scope of federal power that would permit Congress__* *__to exercise a police power;__ our cases are quite clear that there are real limits to federal power ("[N]o one disputes the proposition that [t]he Constitution created a Federal Government of limited powers".) (quoting Gregory v Ashcroft, 501 US 452, 457, (1991): ("Each State in the Union is sovereign as to all the powers reserved. It must necessarily be so, because the United States have no claim, to any authority but such as the States have surrendered to them") (emphasis deleted). Indeed, on this crucial point, the majority and Justice Breyer agree in principle: __The Federal [514 US 585] Government has nothing approaching a police power.__* [United States v. Lopez, 514 U.S. 549, 584-585 (1995)] (Citations. Omitted)

3.   The federal government of the United States has no police powers within states of the Union:

*By the Tenth Amendment, "the powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively, or to the people." Among the powers thus reserved to the several States is what is commonly called the police power-that inherent and necessary power, essential to the very existence of civil society, and the safeguard of the inhabitants of the State against disorder, disease, poverty and crime. "The police power belonging to the States in virtue of their general sovereignty," said Mr. Justice Story, delivering the judgment of this court; "extends over all subjects within the territorial limits of the States, and has never been conceded to the United States. ... [135 US 128] The police power includes all measures for the protection of the life, the health, the property and the welfare of the inhabitants, and for the promotion of good order and the public morals. It covers the suppression of nuisances, whether injurious to the public health, like unwholesome trades, or to the public morals, like gambling houses and lottery tickets. This power, being essential to the maintenance of the authority of local government, and to the safety and welfare of the people, is inalienable. As was said by Chief Justice Waite, referring to earlier decisions to the same effect, "No Legislature can bargain away the public health or the public morals. The people themselves cannot do it, much less their servants. The supervision of both these subjects of governmental power is continuing in its nature, and they are to be dealt with as the special exigencies of the moment may require. Government is organized with a view to their preservation, and cannot devest itself of the power to provide for them. For this purpose the largest legislative discretion is allowed, and the discretion cannot be parted with any more than the power itself."*
*[...]*
*All rights are held subject to the police power of the State." "Whatever differences of opinion may exist as to the extent and boundaries of the police power, and however difficult it maybe to render a satisfactory definition of it, there, seems to be no doubt that it does. extend to the protection of the lives, health and property of the citizens, and to the preservation of good order and the public morals. The Legislature cannot, by any contract, devest itself of the power to provide for these objects. They belong emphatically to that class of objects which demand the application of the maxim, salus populi suprema lex; and they are to be attained and provided for by such appropriate means as the legislative discretion may devise. That discretion can no more be bargained away than the power itself*
*[Leisy v. Hardin, 135 U.S. 100, 127-29, (1890)] (Citations Omitted)*

DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF NOTICE TO ABATE FOR LACK OF SUBJECT MATTER JURISDICTION - 26

4.  The reason why the federal government has no police power within the states is that 'The police power of the states was not surrendered when the people of the states of the Union conferred upon Congress the general power to regulate commerce with foreign nations and between the states of the Union.'

> It was held by Chief Justice Shaw to be a settled principle, "Growing out of the nature of well-ordered society, that every holder of property, however absolute and unqualified may be his title, holds it under the implied liability that his use of it shall not be injurious to the equal enjoyment of others having an equal right to the enjoyment of their property, nor injurious to the rights of the community." **In recognition of this fundamental principle, we have frequently decided that the police power of the States was not surrendered when the People of the United States conferred upon Congress the general power to regulate commerce with foreign nations and between the several States.**
> [Patterson v Kentucky, 97 U.S. 501, 505 (1879)] (Citation Omitted)

> **[O]ur Federal government is one of enumerated powers**; "this principle," declared Chief Justice Marshall in M'Culloch v. Maryland, 4 Wheat. 316, 4 L. ed. 579, "is universally admitted." A statute must be judged by its natural and reasonable effect. **The control by Congress over interstate commerce cannot authorize the exercise of authority not intrusted to it by the Constitution.** The maintenance of the authority of the states over matters purely local is as essential to the preservation of our institutions as is the conservation of the supremacy of the Federal power in all matters intrusted to the nation by the Federal Constitution. **In interpreting the Constitution it must never be forgotten that the nation is made up of states, to which are intrusted the powers of local government. And to them and to the people the powers not expressly delegated to the national government are reserved.**
> [Hammer v. Dagenhart, 1918, 247 U.S. 25], 275(1918)] (Citations Omitted)

5.  The police powers that the federal government does possess extend exclusively over the 'federal zone,' which includes federal territories and possessions, the District of Columbia, and enclaves within the states of the Union by default, unless a clear intent is expressed to the contrary.

> it is no longer open to question that the general government, unlike the states, possesses no inherent power in respect of the internal affairs of the states; and emphatically not with regard to legislation.
> [Carter v. Carter Coal Co., 298 U.S. 238, 296 (1936)] (Citation Omitted

> **If congress is authorized to act in a field, it should manifest its intention clearly.** It will not be presumed that a federal statute was intended to [344 US 203] supersede the exercise of the power of the state unless there is a clear manifestation of intention to do so. The exercise of federal supremacy is not lightly to be presumed.
> [Schwartz v. Texas, 344 U.S. 199, 202-203 (1952)]

> That the United States lacks, the police power, and that this was reserved to the states by the 10th Amendment, is true.
> [Hamilton v. Kentucky Distilleries and Warehouse CO., 251 US 146, 156 (1919)]

DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF NOTICE TO ABATE FOR LACK OF SUBJECT MATTER JURISDICTION - 27

6.  Chief Justice Roberts, speaking for the United States Supreme Court, recently expressed an opinion regarding the 'police power' reserved to the states of the Union as follows:

> *The Commerce Clause is not a general license to regulate an individual from cradle to grave, simply because he will predictably engage in particular transactions. Any police power to regulate individuals as such, as opposed to their activities, remains vested in the States.* [Nat'l Fed'n of indep. Bus. v. Sebelius, 132 S. Ct. 2566, 183 L. Ed 2D 450,479 (2012)]

## **The Warrant**

1.  Federal Rules of Criminal Procedure, Rule 4, states that a warrant may only be executed in the jurisdiction of the United States or anywhere else a federal statute authorizes an arrest. *Federal Rules Of Criminal Procedure*

    ***TITLE II > RULE 4***
    *Arrest Warrant or Summons on a Complaint*

    *(c) Execution or Service, and Return.*

    *(2) Location.* ***A warrant may be executed, or summons served, within the jurisdiction of the United States or anywhere else a federal statute authorizes an arrest.*** *A summons to an organization under Rule 4(c)(3)(D) may also be served at a place not within a judicial district of the United States*

2.  Title 18 U.S.C. §7 describes the jurisdiction of the United States as 'The Special Maritime and Territorial Jurisdiction of the United States.'

3.  There is no evidence on record indicating that I and my property were situated within the jurisdiction of the 'United States,' and there is no statute authorizing an arrest to be made on the property where I was located, which was within the exterior boundaries of Arizona (a state), not on land ceded to the 'United States.'

## **The Courts**

The United States District Court for the District of Colorado is not operating in an Article III capacity in my case. The jurisdiction of federal district and circuit courts is primarily limited to disputes involving property and franchises. All such courts are established and maintained under Article I, Section 8, Clause 17 of the United States Constitution and are not created under the authority of Article III. Nowhere in the statutes creating these administrative franchise courts is Article III expressly invoked, as is the case with the Court of International Trade. Therefore, the only true Article III courts are the Court of International Trade and the United States Supreme Court. Every other federal court is an Article IV franchise or Article I territorial court. I have the right to be tried in a constitutional Article III court for crimes that occur on land where jurisdiction has not been ceded or relinquished to Congress through consent to purchase. This right cannot be knowingly and intelligently waived by me or any attorney acting on my behalf because jurisdiction cannot be conferred upon a court, even by pleading guilty.

DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF NOTICE TO ABATE FOR LACK OF SUBJECT MATTER JURISDICTION - 28

*[C]ases are legion holding that a party may not waive a defect in subject-matter jurisdiction or invoke federal jurisdiction simply by consent. This must be particularly so in cases in which the federal courts are entirely without Article III power to entertain the suit.*

[United States v. Union Gas Co., 491 U.S. 1, 26 (1989)] (Citations Omitted)

## The District Courts

1. In the federal judicial system, there are two types of courts: Constitutional courts 'ordained and established' under Article III of the U.S. Constitution, via Article III, Section 1, Clause 1, which are inferior to the Supreme Court, and 'legislative' courts created under Article I, Section 8, Clause 17, and Article IV, Section 3, Clause 2. The courts created under Article I, Section 8, Clause 17, and Article IV, Section 3, Clause 2, are also referred to as 'congressional,' 'legislative,' and/or 'territorial' courts. The United States Supreme Court explained that:

   *"The Constitution nowhere makes reference to 'legislative courts.' The power given to Congress in Article I, Section 8, Clause 9, 'To constitute Tribunals inferior to the supreme Court,' plainly relates to the 'inferior Courts provided for in Article III;' it has never been relied on for the establishment of any other tribunals. [Glidden Co. v. Zdanok, 370 U.S. 530, 543-544 (1962)]*

   *The concept of a 'legislative court' derives from the opinion of Chief Justice Marshall in American Ins. Co. v. Canter, 1 Pet. 511, 7 L. Ed. 242, dealing with courts established in a territory.*

   *'These Courts, then, are not constitutional Courts, in which the judicial power conferred by the Constitution on the general government can be deposited. They are incapable of receiving it. They are legislative Courts, created in virtue of the general right of sovereignty which exists in the government, or in virtue of that clause [Article IV §3, cl. 2] which enables Congress to make all needful rules and regulations respecting the territory belonging to the United States.'"*

2. Obviously, the United States Supreme Court is created by the Constitution itself. When Congress 'ordains & establishes' inferior Article III constitutional courts, they are created by the Constitution, which delegates that power to Congress. Congress also has the authority to establish legislative courts throughout the 50 states of the Union under their 'Enclave Clause' powers (Article I, Section 8, Clause 17).

3. Every federal court not created under Article III of the U.S. Constitution is a legislative court. Their subject-matter jurisdiction is limited to matters occurring within the concurrent or exclusive legislative (territorial) jurisdiction of the United States. Their subjects of jurisdiction are defined by statutes created by Congress for these courts. Because legislative courts are not constitutional courts created under Article III, they are incapable of extending the judicial power under that Article to the subject of jurisdiction enumerated there in section 2 (although they are exercising legislative judicial power). The United States Supreme Court in Glidden Co. v. Zdanok, supra, speaks of Congress' power to assign specified jurisdiction to administrative agencies and 'tribunal[s] having every appearance of a court and composed of judges enjoying statutory assurances of life tenure and undiminished compensation.' Id at 550.

DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF NOTICE TO ABATE FOR LACK OF SUBJECT MATTER JURISDICTION - 29

4.  The United States Supreme Court explains that the authority granted to legislative courts is judicial power, but it is not the judicial power granted by Section 1 and defined by Section 2 of Article III of the Constitution. Instead, it is derived from the property clause.

> ***"[J]udicial power apart from that article [Article III, U.S. Constitution] may be conferred by Congress upon legislative courts**, as well as upon constitutional courts, as plainly apparent from the opinion of Chief Justice Marshall in American Ins. Co. v. 356 Bales of Cotton, 1 Pet. 511, 546, 7 L. Ed. 243, 256, dealing with the territorial courts: 'The jurisdiction,' he said, 'with which they are invested, is not a part of that judicial power which is defined in the 3d article of the Constitution, but is conferred by Congress, in the execution of those general powers which that body possesses over the territories of the United States.' That is to say, (1) that the courts of the territories (**and, of course, other legislative courts**) are invested with judicial power, but (2) **that this power is not conferred by the third article of the Constitution, but by Congress in the execution of other provisions of that** [289 US 566] instrument.*
> *[...]*
> *Congress cannot vest any portion of the judicial power granted by Section 1 and defined by Section 2 of the third article of the Constitution in courts not ordained and established by itself."*
> *[Williams v. United States, 289 U.S. 553, 565-66 (1933)]*

5.  Constitutional courts, on the other hand, are authorized to extend the judicial power under Article III of the U.S. Constitution to the subjects of jurisdiction enumerated therein in Section 2. This includes all felony offenses against the laws of the United States occurring within the territorial (legislative) jurisdiction of any particular state of the Union where the power to 'punish' has been delegated, by enumeration, in the Constitution. It also includes all misdemeanor offenses against the laws of the United States occurring within the territorial (legislative) jurisdiction of any particular state of the Union, if the alleged conduct is connected to the execution of a delegated power. This Court explained:

> *"Constitutional power is merely the first hurdle that must be overcome in determining that a federal court has jurisdiction over a particular controversy.*
> *[...]*
> *It is a fundamental precept that federal courts are courts of limited jurisdiction. The limits upon federal jurisdiction, whether imposed by the Constitution or by Congress, must be neither disregarded nor evaded."*
> *[Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 372, 374 (1978)]*

6.  When Congress establishes new courts, they do so in an Act, which is a statute. The argument that the court's status is determined by its physical location fails when applied to the 50 states of the Union. If Congress can establish Article III courts within the District of Columbia, why can't they establish legislative courts throughout the states of the Union in making all 'needful Rules and Regulations' respecting the millions of acres of land under their concurrent or exclusive legislative jurisdiction. A legislative court is defined as:

> *A court created by **statutes** as opposed to one created by the Constitution.*
> *[Black's Law Dictionary, Eighth Edition, p. 382]*

7.  The United States District Court for the District of Colorado is not an Article III court 'ordained & established' under the United States Constitution; it is a 'United States district court,' not a 'district court of the United States.' The term, words, or phrase 'district courts of the United States' do not

DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF NOTICE TO ABATE FOR LACK OF SUBJECT MATTER JURISDICTION - 30

describe the 'United States district courts' sitting throughout the states of the Union as if they are one and the same court established under Article III. This is subterfuge. The character of a federal court within the exterior boundaries of a state of the Union is not dependent on its physical location. I turn to the Federal Rules of Evidence, which state that:

> These various provisions do not in terms describe the same courts. In congressional usage, the phrase '*district courts of the United States*' without further qualification traditionally has included the district courts established by Congress in the states under Article III of the Constitution, which are 'constitutional' courts, and has *not* included the territorial courts created under Article IV, Section 3, Clause 2, which are 'legislative' courts."
> [Hornbuckle v. Toombs, 85 U.S. 648, 21 L. Ed. 966 (1873)]
> [Federal Rules of Evidence, Rule 1101, Applicability of Rules, Notes of Advisory Committee on Rules, para. 2]

8. The United States Supreme Court explained that:

> "The words 'district court of the United States' [in their historic, technical sense], commonly describe constitutional courts created under Article III of the Constitution, not the legislative courts which have long been the courts of the Territories."
> [International Longshoremen's & Warehousemen's Union v. Juneau Spruce Corp., 342 U.S. 237, 241 (1952)]

*TITLE 28 > PART I > CHAPTER 5*
§88 District of Columbia.

*Prior law and revision:*
It is consonant with the ruling of the Supreme Court in O'Donoghue v. United States, 1933, 53 S. Ct. 740, 289 U.S. 516, 77 L. Ed. 1356, that **the (then called) Supreme Court and Court of Appeals of the District of Columbia are constitutional courts of the United States, ordained and established, under Article III of the Constitution.** Congress enacted that the Court of Appeals 'shall hereafter be known as the United States Court of Appeals for the District of Columbia' (Act of June 7, 1934, 48 Stat. 926); and also changed the name of the Supreme Court of the District of Columbia to '**district court of the United States for the District of Columbia**' (Act of June 25, 1936, 49 Stat. 1921).
[Title 28 U.S.C. §88, District of Columbia, History Ancillary Laws and Directives, Prior Law and Revision, paragraphs 2-3]

9. As can be clearly seen from the above passages, district courts ordained and established under Article III are constitutional courts of the United States named 'district court of the United States.' If the words 'district court of the United States' describe constitutional courts created under Article III, then 'United States district courts' are not the constitutional courts such as 'district courts of the United States' established under Article III because of their name. If the current United States district courts (United States District Court for the District of Colorado) are clearly not the former 'district courts of the United States,' then what are they? In a Ninth Circuit case, it was stated that:

> The United States District Court for the Territory of Hawaii may for all purposes, be considered a District Court of the United States, but it has the jurisdiction of a District Court of the United States and is-by law required to proceed in the same manner as a District Court of the United States

DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF NOTICE TO ABATE FOR LACK OF SUBJECT MATTER JURISDICTION - 31

*[Mookini v. United States, 92 F.2d 126 (1937)]*

10. Just because a territorial 'United States district court,' or any other legislative court, is vested with jurisdiction (subject-matter jurisdiction) to hear the same kinds of cases as an Article III court (see Article III, Section 2, subjects of jurisdiction), it does not mean their jurisdiction comes from Article III. On certiorari to review the Mookini case, the United States Supreme Court explained that:

> *The term "District Courts of the United States," [in its historic and proper sense] ... has its historic significance. It describes the constitutional courts created under article 3 of the Constitution. Courts of the Territories are legislative courts, properly speaking, and are not District Courts of the United States. <u>We have often held that vesting a territorial court with jurisdiction similar to that vested in the District Courts of the United States does not make, it a "District Court of the United States."</u> Not only did the promulgating order use the term District Courts of the United States in its historic and proper sense, but the omission of provision for the application of the rules to the territorial courts and other courts mentioned in the authorizing act clearly shows the limitation that was intended.*
> *[Mookini v. United States, 303 U.S. 201, 205 (1938)] (Citations Omitted)*

11. The terms, words, or phrase 'United States district court' appears to reflect courts created in federal territories, like Puerto Rico, the Northern Mariana Islands, and Hawaii (before admission as a state of the Union). This Court explained that:

> *"The <u>**United States district court is not a true United States court, established under Article III of the Constitution**</u> to administer the judicial power of the United States therein conveyed. It is created under Article IV, Section 3, of that instrument, making all <u>**needful rules and regulations respecting the territory belonging to the United States**</u>. The resemblance of its jurisdiction to that of true United States courts in offering an opportunity to nonresidents of resorting to a tribunal not subject to local influence does not change its character as **a mere territorial court**."*
> *[Baizac v. Porto Rico, 258 U.S. 298, 312 (1922)]*

> *"And also in the 9th Circuit:*
> *'The United States District Court for the Northern Mariana Islands ("NMI district court"), is a court established under Article IV of the United States Constitution, shall have the same jurisdiction as other United States District Courts.'"*
> *[Armstrong v. N. Mariana Islands, 576 F.3d 950, 954-55 (9th Cir. 2009)]*

12. The following passages from the Federal Rules of Criminal Procedure, show that territorial courts are named "United States district court" which are legislative courts.

> ***TITLE IX***
> *Rule 54 . . .*

> *HISTORY ANCILLARY LAWS AND DIRECTIVES*
> *Other provisions:*
> *Notes of Advisory Committee on Rules.*

> <u>*Paragraph 6, Hawaii.*</u> *- Hawaii has a dual system of courts. <u>The United States District Court</u> for the Territory of Hawaii, a legislative court, has the jurisdiction of district courts of the United States.*

DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF NOTICE TO ABATE FOR LACK OF SUBJECT MATTER JURISDICTION - 32

*Paragraph 9 In the Canal Zone, there is a United States District Court for the District of the Canal Zone, a legislative court."*
*(FRCrimP, Rule 54)*

13. The previous passages refer to territorial courts, which are always legislative courts because Article III is not applicable to the territories. However, it can be clearly seen the connection the reference makes between "United States district courts" and federal territories.

14. If Congress were to establish a new judicial district anywhere in the world, section 132 of Title 28 U.S.C. would immediately create a "United States district court" within it. This would confer a "legislative court," as defined as "A court created by a statute."

15. Title 28 not only establishes all the district and circuit courts of the United States, but it also defines what judges cannot rule on. For example, see 28 U.S.C. §2201(a), which plainly states that federal judges cannot rule on rights in the context of "Federal taxes." What purpose does a judge serve if they can't defend or rule on people's rights? The only type of court over which Congress could have such absolute legislative power over judges is in a legislative court, and this indeed describes the present United States district and circuit federal court systems.

> *As the only judicial power vested in Congress is to create courts whose judges shall hold their offices during good behavior; it necessary follows that, **if Congress authorizes the creation of courts and the appointment of judges for limited time, it must act independently of the Constitution upon territory which is not part of the United States within the meaning of the Constitution.***
> *[O'Donoghue v. United States, 289 U.S. 516, 542 (1933)]*

16. Since there are three distinct and separate provisions in the Constitution relied on to create either constitutional courts or legislative courts, it can be deduced that those powers cannot be combined into a single statute creating all of the courts. The words 'ordained & established' and 'Article III' are nowhere to be found in Title 28, declaring the status of 'United States district courts.' The definition of 'district court of the United States' at 28 U.S.C. §451, encompassing every United States district court within each judicial district, is only applicable to Title 28 U.S.C. and not to other titles of the United States Code, such as 18 U.S.C. § 1343 or 18 U.S.C. § 371.

> *"Thus, the new judicial code, by Section 81 et seq., creates judicial districts for Hawaii and Puerto Rico but not for Alaska, so that the Hawaiian and Puerto Rican courts are within the enumeration of district courts, but Alaska is not. Section 451 states:*
>
> *'As used in this title * * * The terms 'district court' and 'district court of the United States' mean the courts constituted by chapter 5 of this title.'*
>
> ***This title, as used in said section 451, must refer to Title 28**, the Title in which the Tucker Act appears; and Alaska has no court constituted by said Chapter 5."*
> *[United States v. King, 119 F.Supp. 398, 401, 14 Alaska 500 (1954)]*

17. Whatever the status of the courts, it is evident that something is amiss. The United States Supreme Court has stated...

DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF NOTICE TO ABATE FOR LACK OF SUBJECT MATTER JURISDICTION - 33

*"This summary of the court's province as a special tribunal, of the matters subjected to its revisory authority, and of its relation to the executive administration of the customs laws, shows very plainly that it is a legislative and not a constitutional court. Some features of the act creating it are referred to in the opinion below as requiring a different conclusion; but when rightly understood they cannot be so regarded. A feature much stressed is the absence of any provision respecting the tenure of the judges. From this it is argued that Congress intended the court to be a constitutional one, the judges of which would hold their offices during good behavior. And in support of the argument, it is said that in creating courts Congress has made it a practice to distinguish between those intended to be constitutional and those intended to be legislative by making no provision respecting the tenure of judges of the former and expressly fixing the tenure of judges of the latter. But the argument is fallacious. It mistakenly assumes that whether a court is of one class or the other depends on the intention of Congress, whereas **the true test lies in the power under which the court was created and in the jurisdiction conferred**. Nor has there been any settled practice on the part of Congress which gives special significance to the absence or presence of a provision respecting the tenure of judges."*
[Ex parte Bakelite Corp., 279 U.S. 438, 458-459 (1929)]

18. And what jurisdiction does a United States district court 'have?

*A United States District Court has only such jurisdiction as the Congress confers [by legislation] upon the court.*
*[Eastern Metals Corporation v. Martin, 191 F.Supp. 245, 248 (S.D.N.Y 1960)]*

19. It is a well-established rule that statutes conferring jurisdiction on federal courts are to be strictly construed, and doubts are resolved against federal jurisdiction. See Russell v. New Amsterdam Casualty Co., 325 F.2d 996, 998 (8th Cir., 1964); Phillips v. Osborne, 403 F.2d 826, 828 (9th Cir., 1968); General Atomic Co. v. United Nuclear Corp., 655 F.2d 968, 968-69 (9th Cir., 1981); F&S Construction Co. v. Jenson, 337 F.2d 160, 161 (10th Cir., 1964). Chapter 85 of Title 28 United States Code, District Courts, Jurisdiction, lists civil, admiralty, maritime, patent, bankruptcy, etc., and does not once list, mention, or describe any criminal jurisdiction whatsoever. Just as I have shown in the Federal Rules of Evidence, this Court has expressly held that:

*"[T]he term 'district court of the United States' standing alone includes only the constitutional courts.' Such words describe courts created under Article III of the Constitution.*
*[...]*
***The term 'district court', or 'district court of the United States' is commonly considered as referring to constitutional courts***.
*[...]*
***The words 'district court of the United States' commonly {119 F. Supp. 403} describe constitutional courts created under Article III of the Constitution***, *not the legislative courts which have long been the courts of the Territories. See Mookini v. United States."*
*[United States v. King, 119 F. Supp. 398, 401-403, 14 Alaska 500 (1954)]*

20. The current Judiciary Act states at 28 U.S.C. §132:

***TITLE 28 > PART I > CHAPTER 5***
*132 Creation and composition of district courts*

DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF NOTICE TO ABATE FOR LACK OF SUBJECT MATTER JURISDICTION - 34

*(a) There shall be in each judicial district a district court which shall be a court of record known as the __United States District Court__ for the district.*
*[...]*
*History; Ancillary Laws and Directives:*
*Other Provisions:*

*Continuation of organization of Court:*
*Act June 25, 1948, § 2(b) 62 Stat. 985, provided: "The provisions of title 28, Judiciary and Judicial Procedure, of the United States Code, set out in section 1 of this Act, with respect to the organization of each of the several courts therein provided for... shall be construed as __continuations of existing law... No loss of rights, interruption of jurisdiction,__ or prejudice to matters pending in any of such courts on the effective date of this Act __shall result from its enactment."__*

21. Even if the "United States district court" for the district of Colorado is a constitutional court "ordained & established" under Article III, of which there is NO proof that it is, unless I consider the location where it sits as the only possible proof (which is not proof positive), this does not explain the difference in the "phraseology" of the two distinctly different terms describing the courts as continuations of existing law, i.e., "United States district courts" and "district courts of the United States." Obviously Congress could have established "district courts of the United States" instead of "United States district courts." This would have rendered it unnecessary to define the "United States district courts" as "district courts of the United States" at 28 U.S.C. §451. It would definitely resolve the statutory ambiguity surrounding the two courts, especially as the ambiguity relates to the criminal jurisdiction statute at 18 U.S.C. §3231.

22. None of the Judiciary acts prior to the current Judiciary Act even mention "United States district court" as opposed to "district court of the United States." How exactly is the current Judiciary Act a continuation of existing law if the district courts established by it are "United States district courts" as opposed to "district courts of the United States" with no name change provision as was done for the United States Courts of Appeal? This is a vague and ambiguous provision of law surrounding the establishment of the current federal district courts and a violation of my Fifth and Sixth Amendment rights. It can be clearly seen that the term "district court of the United States" is standing alone, without further qualification, in the Jurisdiction and Venue provision for federal crimes in Title 18 U.S.C.

    *TITLE 18> PART H> CHAPTER 2113231. District Courts*

    *The __district courts of the United States__ shall have original jurisdiction, exclusive of the __courts of the States,__ of all offenses against the laws of the United States.*

    *Nothing in this title shall be held to take away or impair the jurisdiction of the __courts. of the several States__ under the laws thereof.*

23. If I apply the Memorandum on the Rules of Statutory Construction, then the aforementioned "district courts of the United States" intentionally excludes the "United States district courts", which are not to be restored to by implication. It is axiomatic that the term "district court of the United States," as used in 18 U.S.C. §3231, is referring to constitutional courts "ordained & established" under Article III.

DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF NOTICE TO ABATE FOR LACK OF SUBJECT MATTER JURISDICTION - 35

The term courts of the States is referring to not only legislative courts in the states of the Union, but also those on federal property under the concurrent or exclusive legislative (territorial) jurisdiction of the federal government within them, like the District of Columbia, for example, and those within federal territories, like Puerto Rico (an Inchoate State). The term "courts of the several States" includes every non-federal Union state court within each of the 50 states of the Union. The term "district courts of the United States", as used in the criminal jurisdiction statute (18 U.S.C. §3231), can only be given its ordinary meaning because "United States district courts" are clearly not included in that term. Because Congress has not defined the term "district court of the United States," at 18 U.S.C. §3231 to include "United States district courts" as was done for Title 28 U.S.C. §451, see, "As used in this title", those courts cannot be made applicable to that particular provision of Title 18 U.S.C. Confer United States v. King, supra:

24. The statutes in the Act of June 25, 1948, Title 18 of the United States Code, entitled "Crimes and Criminal Procedure," include various references to both "district court of the United States" and "United States district court." Here are some examples:

*§156: United States district court*

*§216: "United States district court"*

*§402: "district court of the United States"*

*§1965: "district court of the United States"*

*§2076: Clerk of the United States district court, "district court of the United States"*

*§3231: "district court of the United States"*

*§3511(a)(c): "United States district court"*
*"district court of the United States"*

25. It's worth noting that even if there were once "United States district courts" established under Article III of the U.S. Constitution, today's "United States district courts" are created by statutes. Proving otherwise is a challenge for U.S. Attorneys, as there is no available legal proof for them to demonstrate that the current "United States district courts" are "ordained & established" under Article III, or that they are the former constitutional "district courts of the United States." The burden of proof lies with them to assert jurisdiction in the current case. Until positive proof is presented in the record, the presumption stands against jurisdiction, and doubts are resolved against it.

*Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree, It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.*
*[Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)] (Citations Omitted)*

## **Nature and Cause**

1. Prosecution must always prove territorial jurisdiction.

DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF NOTICE TO ABATE FOR LACK OF SUBJECT MATTER JURISDICTION - 36

*Although "(i)t is axiomatic that the prosecution must always prove territorial jurisdiction over a crime in order to sustain a conviction therefor, " and thus territorial jurisdiction and venue are "essential elements" of any offense in the sense that the burden is on the prosecution to prove their existence.*
*[United States v White, 611 F2d 531, 534-35 (5th Cir 1980)] (Citations Omitted)*

2.   The 5th Circuit also explained that:

***An indictment or information in the language of the statute suffices, <u>except</u> when the statute's words lack essential elements of the offense. The Sixth Amendment of the federal constitution mandates that in every criminal prosecution, the accused must be informed of the nature and cause of the accusation against them.*** *This means that he shall be so fully and clearly informed of the charge against him as not only to enable him to prepare his defense and not be taken by surprise at the trial.*
*[...]*
***<u>United States v. Cruikshank, 92 U.S. 542, 557-559, 23 L. Ed. 588, deals with the right of the accused to be informed of the nature and cause of the accusation against him</u>.*** *The question arose upon a motion in arrest of judgment after a general verdict of guilty upon sixteen counts. The question was stated to be whether said counts were severally sufficient in law and contained charges of criminal matter indictable under the laws of the United States. The court held that all sixteen counts were so defective that no judgment of judgment of conviction should be pronounced upon them. It further held that every, ingredient of which the offense is composed must be clearly and accurately alleged.*
*[...]*
*A constitutional defect in an indictment or information is not cured by the verdict.*
*[Sutton v. United States, 157 F2d 661, 66566 (5th Cir 1946)]*

The Sutton court clarifies that an indictment or information is generally sufficient unless the statute's language lacks essential elements of the offense. Additionally, the court in White v. United States emphasized that territorial jurisdiction and venue are essential elements of any offense. Therefore, my indictment is deemed insufficient because it fails to include the essential element of territorial jurisdiction, specifically, that the alleged offense occurred within the special maritime and/or territorial jurisdiction of the United States.

It's crucial to note that if a federal crime is committed within the territorial jurisdiction of any state of the Union, pursuant to a delegated power where the authority to "punish" is not delegated (enumerated) under the Constitution, the charging instrument (complaint, indictment, or information) must specify that the alleged crime occurred "within the special maritime and territorial jurisdiction of the United States," as outlined in 18 U.S.C. §7. The absence of this specification amounts to a failure to inform me of the nature of the charge against me, violating Federal Rules of Criminal Procedure, Rule 7(c), and the Sixth Amendment to the Constitution of the United States of America.

The Assistant U.S. Attorney not only failed to prove this essential element (territorial jurisdiction) but also, by its omission, failed to charge an "offense against the laws of the United States."

## **Act of Congress**

DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF NOTICE TO ABATE FOR LACK OF SUBJECT MATTER JURISDICTION - 37

1. I am currently being held under the provisions of an "Act of Congress." Title 18 U.S.C. §4001 specifies that I cannot be imprisoned or otherwise detained by the United States except under the authority of an "Act of Congress." However, this Act of Congress does not extend to the sovereign states of the Union unless it is pursuant to an enumerated power to punish or where jurisdiction has been ceded.

   **TITLE 18 > PART III > CHAPTER 301**
   *§4001 Limitation on detention; control of prisons*

   *(a) No citizen shall be imprisoned or otherwise detained by the United States except pursuant to an Act of Congress.*

2. Under the Notes of Advisory Committee, paragraph 2 of FRCrimP Rule 26, it states, "all Federal crimes are statutory and all criminal prosecutions in the Federal courts are based on acts of Congress."

   **TITLE VI > RULE 26**
   *Taking Testimony.*

   *HISTORY; ANCILLARY LAWS AND DIRECTIVES*

   *Notes of Advisory committee*
   *2. ...all Federal crimes are statutory and all criminal prosecutions in the Federal courts are based on acts of Congress...*

3. Because I am being charged with a criminal matter, I looked to the FRCrimP to locate the definition of "Act of Congress," which could be found at Rule 54(c) prior to 2002.

   **TITLE IX > RULE 54**
   *Application and Exception.*

   *(c) Application of Terms. As used in these rules the following terms have the designated meanings. "Act of Congress" includes [is restricted to] an act of Congress **locally applicable** to and in force in the District of Columbia, in Puerto Rico, in a territory on in an insular possession.*

4. In 2002, Rule 54 was transferred to Rule 1, and the definition of "Act of Congress" was conveniently removed, not repealed or abrogated. The reason given was:

   *TITLE IX > RULE I*
   *HISTORY; ANCILLARY LAWS AND DIRECTIVES*

   *Notes of Advisory Committee on 2002 amendments.*
   *Paragraph 4. Rule 1(b) is composed of material currently located in Rule 54(c), with several exceptions. First, the **reference to an "Act of Congress" has been deleted from the restyled rules: instead the rules use the self-explanatory term "federal statute**."*

5. The term "Federal Statute" is not very self-explanatory. In fact, the only definition of "Federal Statute" is found in the Federal Rules of Civil Procedure.

DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF NOTICE TO ABATE FOR LACK OF SUBJECT MATTER JURISDICTION - 38

*TITLE XI > RULE 81*

*(d) Law Applicable*

*(3) "Federal Statute" Defined in the District of Columbia. In the United States District Court for the District of Columbia, the term "federal statute" includes any **Act of Congress that applies locally to the District.***

6. Clearly, "Act of Congress" under the criminal provisions is local in scope and an extremely vague provision in the federal code.

7. The reason such "acts of Congress" cannot apply within the sovereign 50 states is because the federal government lacks what is called "police powers" inside the Union states (Section 8.4), and the CPP Act requires police powers to implement and enforce.

8. Therefore, the question is, on which of the four locations named in rule 54(c) is the United States district court asserting jurisdiction? For, as stated in Sandberg v. McDonald, 248 U.S. 145, "Legislation is presumptively territorial and confined to limits over which the lawmaking power has jurisdiction." Additionally, as affirmed in American Banana Co. v. United Fruit Co., 213 U.S. 347 (1909), "All legislation is prima facie territorial."

9. When the alleged defendant files motions for relief in the United States District Court for the District of Colorado, they are consistently ignored, denied, or even suppressed from the court record, without any findings of fact or conclusions of law. The court fails to address the merits of the case or explain the nature and cause of the charges. It operates as a legislative court rather than in an Article III capacity, as it is not ordained and established under Article III of the Constitution. Consequently, it lacks jurisdiction and relies on unconstitutional presumptions. As a result, the petitioner cannot obtain relief in such a court. Moreover, the court's belief that the constitutional Interstate Commerce Clause empowers it to punish crimes committed outside of federal jurisdiction within the exterior boundaries of foreign states is unfounded. No adequate relief can be obtained in any other form.

# CONCLUSION AND RELIEF SOUGHT

I've made it abundantly clear that the federal government cannot punish me under its constitutional Interstate Commerce Clause. If they can, then there's no limit to the federal government's power, a restriction our Founding Fathers carefully imposed. The constitutional Interstate Commerce Clause could then be invoked to punish individuals for virtually anything the federal government deems offensive. What's next? Will they ban inappropriate shirts and arrest people for wearing them just because the shirt has traveled in commerce at some point?

Even if I'm mistaken in my assertions in this notice to abate, I've still demonstrated to this Court beyond any reasonable doubt that I don't comprehend the nature and cause of the charges or the statutes being enforced against me. Congress has drafted laws so vaguely that no reasonable person could interpret them correctly. If I'm left guessing about what the law truly demands of me, or if I have to rely on an expert or computer to understand or interpret it, then it's an unconstitutional law, and my due process rights have been violated under the Fifth and Fourteenth Amendments. The United States Supreme Court has ruled

DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF NOTICE TO ABATE FOR LACK OF SUBJECT MATTER JURISDICTION - 39

that such laws violate due process of law and are therefore "void for vagueness." See also the Rule of Lenity.

> *"A statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application violates the first essential of due process of law." [Connally v. General Constr. Co., 269 U.S. 385, 391 (1926)]*

> *"It is a fundamental tenet of due process that '[n]o one may be required at peril of life, liberty or property to speculate as to the meaning of penal statutes.' A criminal statute is therefore invalid if it 'fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden.'" [United States v. Batchelder, 442 U.S. 114, 125 n.9 (1979)]*

> *"Vague sentencing provisions may pose constitutional questions if they do not state with sufficient clarity the consequences of violating a given criminal statute." [United States v. Batchelder, 442 U.S. 114, 125 n.9 (1979)]*

> *"A criminal statute must clearly define the conduct it proscribes. If it does not 'give a person of ordinary intelligence fair notice... of its scope, it denies due process." [Bond v. United States, 672 U.S. 844, 872 (2014)]*

## **Lack of proper process.**

1. The only legitimate procedure for the government to circumvent proper process, as prescribed in Rules 3 through 11, is if someone is joined to an existing investigation in accordance with Rule 8. In other words, there must first be an affidavit of complaint against someone, as required by Rule 3, followed by the process outlined in Rule 5, and usually Rule 5.1, prior to a grand jury being selected and seated for that particular case. Thereafter, related offenses can be added, and new defendants named, in accordance with Rule 8. Then and only then does the Rule 9 warrant apply.

2. "Defendant understands that under 28 USC § 2072(b), Federal rules of procedure may not deprive anyone of substantive rights. Poetically speaking, rights secured by the Fourth, Fifth, and Sixth Amendments are carved in stone, and defendant further suggests that they are cumulative."

3. Rights are not independent or elective unless someone knowingly chooses to forfeit one of the specified rights. If one of the constitutionally secured rights is bypassed, administrative offices including the Department of Justice, U.S. Attorney, and courts of the United States lack or lose subject matter jurisdiction. This is the essence of the Fifth Amendment guarantee that no person shall be deprived of life, liberty, or property without 'due process of law.'

4. Not only does there have to be law, which compels or prohibits any given activity, that law is usually complex, involving more than one statute, but procedure or process must conform to that prescribed by the 'Constitution and laws of the United States.' The Fourth, Fifth, and Sixth Amendments secure mandatory minimum requirements of due process.

DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF NOTICE TO ABATE FOR LACK OF SUBJECT MATTER JURISDICTION - 40

5. The Fourth Amendment requirement for probable cause, "supported by Oath or affirmation," is the demarcation point: "… no Warrants shall issue, but upon probable cause, supported by Oath or affirmation…"

6. There must be (1) an oath or affirmation, (2) a complaint that sets out the key elements of a crime, and (3) a committing magistrate must issue a warrant based on the complaint. Unless or until these three threshold requirements are met, there can be no federal prosecution.

7. Defendant will use Federal tax law as an example. At 18 USC § 3045, we find authorization for who may set the criminal prosecution process in motion via an affidavit of complaint.

   *"Warrants of arrest for violations of internal revenue laws may be issued by United States magistrates upon the complaint of a United States attorney, assistant United States attorney, collector, or deputy collector of internal revenue or revenue agent, or private citizen; but no such warrant of arrest shall be issued upon the complaint of a private citizen unless first approved in writing by a United States attorney."*

8. This Code section needs a certain qualification: Whoever makes the affidavit of complaint must have personal knowledge of the facts. In other words, the U.S. Attorney cannot make the affidavit of complaint unless he has personally been involved with the investigation process and has had hands-on involvement with securing and examining evidence.

9. Defendant's question, then, is whether or not the Federal Rules of Criminal Procedure preserve this constitutionally secured right. We find that they do. Rule 3 of the FR Crim. P., is specific:

   *"Rule 3. The Complaint*

   *"The Complaint is a written statement of the essential facts constituting the offense charged. It shall be made upon oath before a magistrate judge." Rules 3 through 9 of the Federal Rules of Criminal Procedure preserve the proper procedural sequence of the Fourth, Fifth and Sixth Amendments. If any portion of any of these rules, i.e., of any of the three amendments, is defective, Courts of the United States lose subject matter jurisdiction*

10. In our present environment, most people first become aware of a federal investigation when they receive a "summons" in the mail, often with something akin to an "indictment" attached, or when they are arrested on a warrant with an indictment attached. Occasionally, a U.S. Attorney, the Criminal Division of the Internal Revenue Service, the FBI, or another federal agency will notify the target of an investigation. Sometimes, the target will be offered the opportunity to testify to a grand jury that may be considering an indictment. However, the defendant in this case was never notified.

11. Whether arrested or summoned, the target's first court appearance typically occurs at the alleged arraignment after the grand jury has supposedly issued an indictment. At this hearing, the defendant is asked to enter a plea. If the defendant refuses to enter a plea, the presiding magistrate, usually a United States Magistrate Judge, enters a plea on their behalf. Following this procedure, the U.S. Magistrate Judge will either set or deny bond.

DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF NOTICE TO ABATE FOR LACK OF SUBJECT MATTER JURISDICTION - 41

12. Where is the affidavit of complaint, probable cause hearing, et al?

13. Has the defendant had the opportunity to examine witnesses and evidence against him, call his own witnesses and present contravening documentary or other evidence?

14. Current Federal prosecution practice effectively disregards Fourth, Fifth, and Sixth Amendment due process rights and relies on quasi-judicial officers who lack lawful authority for their actions. In essence, it constitutes a criminal conspiracy among administrative and judicial officers.

15. Federal criminal prosecution must commence with the affidavit of criminal complaint, a requirement mandated by the Fourth Amendment and Rule 3 of the Federal Rules of Criminal Procedure. Without the affidavit of complaint, courts of the United States lack subject matter jurisdiction. Therefore, any subsequent verdict, judgment, and/or sentence stemming from such proceedings is null and void. For this reason alone, this action should be vacated.

16. We then go to Rule 4, the probable cause hearing. Warrants for seizure and/or arrest must issue following a probable cause hearing.

17. The Federal courts are presently relying on Rule 9(a), "Warrant or Summons Upon Indictment or Information". Rule 9(a), in relative part, stipulates that;

> *"Upon the request of the attorney for the government the court shall issue a warrant for each defendant named in an information supported by a showing of probable cause under oath as is required by Rule4(a), or in an indictment ... More than one warrant or summons may issue for the same defendant ...When a defendant is arrested with a warrant or given a summons appears initially before a magistrate judge, the magistrate judge shall proceed in accordance with the applicable divisions of Rule 5."*

18. The government then jumps to Rule 10, the arraignment, rather than dropping back to Rule 5, as Rule 9 specifies. Rule 5 is "Initial Appearance Before the Magistrate Judge."

19. Grand juries possess investigative powers. While investigating a case within their lawful jurisdiction, grand jury members may discover evidence that warrants recommending additional charges or naming additional defendants through presentment.

20. If the original complaint against the primary defendant for a specific offense is not presented to the grand jury, it lacks the basis to initiate any investigation. Original probable cause must be determined by a committing magistrate, and this determination relies on the complaint and affidavit presenting probable cause.

*Rule 6(b)(1) to demonstrates*

*this:*

DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF NOTICE TO ABATE FOR LACK OF SUBJECT MATTER JURISDICTION - 42

*"(1) Challenges. The attorney for the government or a defendant who has been held to answer in the district court may challenge the array of jurors on the ground that the grand jury was not selected, drawn or summoned in accordance with law, and may challenge an individual juror on the ground that the juror is not legally qualified. Challenges shall be made before the administration of the oath to the jurors and shall be tried by the court."*

21. The right to challenge grand jury array (composition) and individual jurors is antecedent to individual jurors being administered the oath required prior to a grand jury being formally seated.

22. The government attorney and the defendant, or the defendant's counsel, both have the right to challenge the array and disqualify grand jury candidates before the grand jury is seated. If this right has been denied, there is a simple solution provided at Rule 6(b)(2):

*"(2) Motion to Dismiss. A motion to dismiss the indictment may be based on objections to array or on the lack of legal qualification of an individual juror, if not previously determined upon challenge. It shall be made in the manner prescribed in 28 USC § 1867(e) and shall be granted under the conditions prescribed in that statute. An indictment shall not be dismissed on the ground that one or more members of the grand jury were not legally qualified if it appears from the record kept pursuant to subdivision (c) of this rule that 12 or more jurors, after deducting the number not legally qualified, concurred in finding the indictment."*

23. Rule 6(c) requires the grand jury foreman to record the vote and then file a letter or certificate of concurrence with the clerk of the court.

24. If the original defendant or their counsel did not have the opportunity to challenge the grand jury array (composition selection process) and individual grand jurors prior to the grand jury being seated, they are all disqualified, as the qualification process is among the defendant's constitutionally secured due process rights.

25. By consulting Chapter 121 of Title 28 generally, and 28 USC § 1867 specifically, we find that there is no distinction in the voir dire examination and other jury qualification process for grand juries or petit trial juries.

DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF NOTICE TO ABATE FOR LACK OF SUBJECT MATTER JURISDICTION - 43

*"(a) In criminal cases, before the voir dire examination begins, or within seven days after the defendant discovered or could have discovered, by the exercise of diligence, the grounds therefore, whichever is earlier, the defendant may move to dismiss the indictment or stay the proceedings against him on the ground of substantial failure to comply with the provisions of this title in selecting the grand or petit jury."*

26. If a defendant doesn't know a grand jury is investigating him, he doesn't have the opportunity to challenge the grand jury array or individual grand jurors. Consequently, he has been deprived of substantive due process, which is expressly prohibited by 28 USC § 2072(b).

27. We have an adversarial judicial system in this country. All parties to any given action, including the government, stand on equal ground. The system isn't set up for the convenience of the government. In fact, the government always has the burden of proof, whether in civil or criminal matters.

28. The defendant has the right to challenge the qualifications and competency of everyone involved in the prosecution process, including grand and petit jurors selected from "peers" who ultimately have responsibility for determining indictable offenses and/or final liability. If and when government personnel deprive the citizen of any of these rights, constitutionally secured due process of law is abridged, and the courts lose subject matter jurisdiction.

*Now consider Rule 6(f), F.R. Crim. P.*

*"(f) Finding and Return of Indictment. An indictment may be found only upon concurrence of 12 or more jurors. The indictment shall be returned by the grand jury to a federal magistrate*

*judge in open court. If a complaint or information is pending against the defendant and 12 jurors do not concur in finding an indictment, the foreperson shall so report to a federal magistrate judge in writing forthwith."*

29. This section of Rule 6 specifies foundational necessities: The federal government may prosecute felony crimes only on a valid affidavit of complaint that has been presented in a probable cause hearing (Rules 3 and 4).

30. Only corporations can be prosecuted via "information."

DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF NOTICE TO ABATE FOR LACK OF SUBJECT MATTER JURISDICTION - 44

31. In the context of Rule 6(f), we see the antecedent affidavit of complaint and probable cause hearing preserved in the second sentence: The grand jury may proceed only on "complaint" or "information" that has previously been formally processed.

32. If the grand jury issues an indictment, the return must be made in open court to a magistrate judge.

33. The return should appear on the case docket, and a transcript of the hearing should be available. A return of an indictment is akin to the petit trial jury's return of a verdict.

34. In practice, a grand jury typically returns several indictments at once. However, understanding the indictment process reveals that while the grand jury pool may be held over for several months, each grand jury is convened to consider only one charge or set of charges in related cases.

35. To date, defendants haven't found any instance where an indictment on any single case or set of related cases has been returned in open court, and a transcript of the proceeding is available.

36. Rule 8 governs the limits of the reach of any given grand jury, focusing on the "Joinder of Offenses and of Defendants."

37. During any court or jury session, any given juror might sit on one or more grand or petit juries, but each jury has limited subject matter jurisdiction.

38. Where the grand jury is concerned, it may proceed only from an original complaint where probable cause has been found to issue additional indictments and/or name additional defendants for the crimes.

> *"...are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan."*
>
> *(Rule 8(a)) Rule8(b) specifies criteria for naming additional defendants.*

> *Here is where defendants' reservation of rights in Rule 9(a) comes in:*

> *"When a defendant arrested with a warrant or given a summons appears initially before a magistrate judge, the magistrate judge shall proceed in accordance with the applicable subdivisions of Rule 5."*

DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF NOTICE TO ABATE FOR LACK OF SUBJECT MATTER JURISDICTION - 45

*We will first consider Rule 5(b) and the first portion of Rule 5(c):*

*"(b) Misdemeanors and Other Petty Offenses. If the charge against the defendant is a misdemeanor or other petty offense triable by a United States magistrate judge under 18 USC § 3401, the magistrate judge shall proceed in accordance with Rule 58. "(c) Offenses not triable by the United States Magistrate Judge. If the charge against the defendant is not triable by the United States magistrate judge, the defendant shall not be called upon to plead...*

39. The position now known as the United States Magistrate Judge was originally a National Park Commissioner. While the name of the office has changed, its nature remains the same. It is an administrative, not a judicial office, akin to the former police court magistrate.

40. Today, the only offenses triable by a United States Magistrate Judge are traffic violations and other petty offenses committed on military reservations, in national parks and forests, etc., under regulations promulgated by the Department of Defense and the Department of the Interior.

41. United States Magistrate Judges in the several States have "venue" jurisdiction solely over offenses committed on Federal enclaves where the United States Government has exclusive or concurrent jurisdiction ceded by one of the several States.

42. As Rule 5(c) specifies, they cannot even ask for, much less make a plea for a defendant charged with a felony crime. This prohibition is effective under Rules 5, 9, 10, and 11.

43. When and if a United States Magistrate Judge asks for or makes a plea for a defendant in a felony case, he has usurped power vested in an Article III judicial officer of the United States.

44. Where this quasi-judicial officer exceeds authority Congress vested in him by law, the United States loses subject matter jurisdiction, and there are grounds to pursue lawful remedies, both civil and criminal.

45. Government officials, regardless of capacity, enjoy the cloak of immunity only to the outer reaches of their lawful authority. The notion of blanket judicial or any other absolute immunity is nothing more than a convenient fiction.

*Rule 5(c), second paragraph, also specifies that;*

DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF NOTICE TO ABATE FOR LACK OF SUBJECT MATTER JURISDICTION - 46

*"A defendant is entitled to a preliminary examination, unless waived, when charged with any offense, other than a petty offense, which is to be tried by a judge of the district court."*

46. The term "magistrate judge" refers to a judicial officer who assists federal district judges in various judicial proceedings, such as pretrial matters and preliminary hearings. On the other hand, "United States Magistrate Judge" or "United States magistrate judge" specifically refers to a magistrate judge appointed under the authority of the United States District Court.

47. The President of the United States is the nation's highest "magistrate."

48. In other words, the "magistrate" is a ministerial, not a judicial office.

49. All lawful judges function in a magistrate capacity when they preside at probable cause hearings, initial appearances, and the like. In a sense, this is an "extra-judicial" capacity that, within proper context, can be vested in or exercised by administrative or judicial officers.

50. The United States Magistrate Judge is an administrative office with quasi-judicial capacity limited to specific subject matter, whereas the "district judge" of the United States is vested with the full range of United States judicial authority. In other words, the extra-judicial capacity of a district judge extends to federal offenses of all stripes.

51. Essentials of the preliminary hearing or examination are prescribed at Rule 5.1(a) of the Federal Rules of Criminal Procedure:

*"(a) Probable Cause Finding. If from the evidence it appears that there is probable cause*

*to believe that an offense has been committed and that the defendant committed it, the federal magistrate*

*judge shall forthwith hold the defendant to answer in district court. The finding of probable cause may be*

*based upon hearsay evidence in whole or in part. The defendant may*

*cross-examine adverse witnesses and may introduce evidence..."*

Now we go back to Rule 5(c) second paragraph:

*"A defendant is entitled to a preliminary examination, unless waived, when charged with any offense, other than a petty offense, which is to be tried by a judge of the district court. If the defendant waives preliminary examination, the magistrate judge shall forthwith hold the defendant to answer in the district court. If the defendant does not waive the preliminary examination, the magistrate judge shall schedule a preliminary examination. Such examination shall be held within a reasonable time but in any event not later than 10 days following the initial appearance if the defendant is in custody and no later than 20 days if the defendant is not in custody, provided, however, that the preliminary examination shall not be held if the defendant is*

DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF NOTICE TO ABATE FOR LACK OF SUBJECT MATTER JURISDICTION - 47

*indicted or if an information against the defendant is filed in district court before the date set for the preliminary examination..."*

52. If a defendant is joined to an indictment under Rule 8, he has the right to a preliminary hearing under Rule 5.1. This ensures his opportunity to challenge witnesses and present evidence before being subjected to the trial process. This right is particularly important where government prosecutors routinely negotiate deals to secure incriminating testimony from questionable witnesses.

53. It appears that the Department of Justice and United States Attorneys are convening grand juries under the auspices of the "special grand jury" provisions in Chapter 216 (§§ 331-334) of Title 18.

54. However, this is a misapplication of the law, as special grand jury investigation authority extends only to criminal activity involving government personnel, and the grand jury is limited to issuing reports. Defendants and prospective defendants are afforded the opportunity to rebut or correct the reports prior to public release.

55. Although evidence unearthed by the special grand jury may be used as the basis of criminal prosecution, the special grand jury does not have indictment authority.

56. It appears that the first steps toward securing secret indictments were taken during prohibition days to shield grand jury members from organized crime reprisal. Although secret indictments were and are patently unconstitutional, the extreme remedy in the midst of highly volatile and dangerous circumstances was rationalized in the midst of what amounted to domestic war with organized crime. Unfortunately, as with other such rationalizations, those who found the extraordinary process convenient incorporated it as routine practice.

57. Rule 60(b) of the Federal Rules of Civil Procedure preserves causes to challenge judgements. They are as follow:

- Mistake, inadvertence, surprise, or excusable neglect;

- Newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);

- Fraud whether heretofore denominated intrinsic or extrinsic, misrepresentation, or other misconduct of an adverse party;

- The judgment is void;

- The judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or

DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF NOTICE TO ABATE FOR LACK OF SUBJECT MATTER JURISDICTION - 48

- Any other reason justifying relief from the operation of the judgment.

The rule then specifies;

> "The motion that shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this subdivision(b) does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of the court to entertain an independent action or relieve a party from a judgment, order, or proceeding, or to grant relief to a defendant not actually personally notified as provided in Title 28, USC § 1655 or to set aside a judgment, for fraud upon the court. Writs of coram nobis, bills in the nature of a bill of review, are abolished, and the procedure for obtaining any relief from judgment shall be by motion as prescribed in these rules or by an independent action." The relief that I am requesting is for this Court to grant my notice to abate, release my body and property from involuntary servitude, and eliminate the record from all prior proceedings. I greatly appreciate this Court's valuable time.

58. There are two keys in Rule 60(b). First, Rule 60(b)(4), where the "judgment is void," opens the door to vacating a judgment at any time, and second, the void judgment may be attacked "by motion as prescribed in these rules or by an independent action."

59. A judgment is void where the court lacked subject matter jurisdiction.

60. The court lacks subject matter jurisdiction when and if the administrative agency has proceeded without statutory and regulatory authority, or the administrative agency has deprived the defendant of substantive due process rights.

61. Where the court lacked subject matter jurisdiction, the judgment is void; it has no lawful effect.

62. The defendant may proceed by motion at any time, without the encumbrance of time limitation, or may initiate collateral attack via the extraordinary writs, i.e., an independent action.

The relief that I am requesting is for this Court to grant my notice to abate, release my body and property from involuntary servitude, and eliminate the record from all prior proceedings. I greatly appreciate this Court's valuable time.

## **AFFIRMATION:**

I declare under penalty of perjury, without the statutory 'United States' defined in 28 U.S.C. § 1603(c) and 18 U.S.C. §5, and within the constitutional United States of America pursuant to 28 U.S.C. §1746(1), that the information provided herein is truthful, accurate, and complete to the best of my knowledge and ability. I reserve all my rights and waive none by submitting this petition and all attachments. Executed on this _17_ day of _April_, 20_24_.

Respectfully Submitted

**All rights reserved under UCC 1-308**

DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF NOTICE TO ABATE FOR LACK OF SUBJECT MATTER JURISDICTION - 49

1

2   MICHAEL SHAWN STEWART
    MICHAEL SHAWN STEWART

    Michael Shawn Stewart, Sui Juris
    Authorized Representative

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF NOTICE TO ABATE FOR LACK OF SUBJECT
MATTER JURISDICTION - 50

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Plaintiff's Name, UNITED STATES OF AMERICA,

vs.

Defendant's Name, MICHAEL SHAWN STEWART, Sui Juris

Case 21-cr-34-WJM

EXHIBIT 1

Title: Affidavit of Citizenship, Domicile, and Tax Status

**Date:** 04/17/2024

**Attached to**: Document it's attached to, NOTICE OF ABATEMENT the Federal Criminal Case and Memorandum of Law in Support

Purpose: To substantiate the Defendant's claims regarding their citizenship, domicile, and tax obligations as per the legal arguments presented in the accompanying motion/petition.

Note: This affidavit is provided to clarify the Defendant's legal status and is integral to the jurisdictional challenges raised in the petition to dismiss.

This page is intended solely for organizational and identification purposes within the legal proceedings and is not part of the substantive affidavit.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Plaintiff's Name, UNITED STATES OF AMERICA,

vs.

Defendant's Name, MICHAEL SHAWN STEWART, Sui Juris

Case 21-cr-34-WJM

EXHIBIT 2

**Title:** Federal Pleading/Motion/Petition Attachment

**Date:** 04/17/2024

**Attached to:** Document it's attached to, Petition to Dismiss the Federal Criminal Case and Memorandum of Law in Support

**Purpose:** This form is utilized for any pleadings, petitions, motions, and responses filed by a Sovereign Person, typically present in Federal District Court involuntarily. It serves to:

1. Assert the Submitter's status in cases where they are a Defendant in a criminal action or a Respondent in a civil action, particularly against the United States Government, with the opposing counsel being a U.S. attorney.
2. Establish crucial limitations upon the Court, the presiding judge, and the jurisdiction of the court itself.
3. Ensure that no objection or factual statement made by the Submitter is ignored or omitted, preventing the judge or U.S. Attorney from leveraging any oversight to gain an unfair advantage.
4. Safeguard against prejudicial presumptions that could infringe upon the Submitter's sovereignty or constitutionally protected rights, including any assumptions of consent to the court's jurisdiction due to the Submitter's appearance in court.

**Note:** This attachment is vital for maintaining the integrity of the Submitter's legal arguments and constitutional rights throughout the court proceedings.

This page is intended solely for organizational and identification purposes within the legal proceedings and is not part of the substantive document attached.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Plaintiff's Name, UNITED STATES OF AMERICA,

vs.

Defendant's Name, MICHAEL SHAWN STEWART, Sui Juris

Case 21-cr-34-WJM

EXHIBIT 3

**Title:** Birth Certificate of Michael Shawn Stewart

**Date of Birth Certificate:** May 14th 1963

**Attached to:** Document it's attached to, Petition to Dismiss the Federal Criminal Case and Memorandum of Law in Support

**Purpose:** This birth certificate is presented as Exhibit 3 to substantiate the Defendant's claim of diversity of citizenship under 28 U.S.C. §1332(a)(2). The Defendant identifies as a "non-citizen national of California"—considered a "foreign state" for the purposes of this case—contrastingly to the Plaintiff, who is identified as a "citizen and national of the United States" or a foreign corporation. This exhibit serves to:

1. Provide foundational evidence for the Defendant's assertion of diversity of citizenship, establishing a critical jurisdictional premise for the case.
2. Highlight the legal distinction between the Defendant's status as a "non-citizen national" and that of the Plaintiff, underlining the significance of this differentiation for the court's jurisdictional considerations.
3. Emphasize the constitutional and statutory grounding for the Defendant's position, invoking specific legal frameworks that govern the court's authority to adjudicate the matter.

**Note:** This birth certificate is crucial for demonstrating the factual basis of the Defendant's claim to a distinct legal status, directly impacting the jurisdictional dynamics of the case.

This page is intended solely for organizational and identification purposes within the legal proceedings and is not part of the substantive birth certificate document.

# State of California
## Secretary of State

This Certificate is not valid for use anywhere within the United States of America, its territories or possessions.

### APOSTILLE
(Convention de La Haye du 5 octobre 1961)

| | |
|---|---|
| **1. Country:** <br> Pays / País: | United States of America |
| **This public document** <br> Le présent acte public / El presente documento público | |
| **2. has been signed by** <br> a été signé par <br> ha sido firmado por | *Regina Alcomendras* |
| **3. acting in the capacity of** <br> agissant en qualité de <br> quien actúa en calidad de | *County Clerk-Recorder* |
| **4. bears the seal / stamp of** <br> est revêtu du sceau / timbre de <br> y está revestido del sello / timbre de | *County of Santa Clara,  State of California* |

### Certified
Attesté / Certificado

| | | | |
|---|---|---|---|
| **5. at** <br> à / en | Los Angeles, California | **6.the** <br> le / el día | *29th day of March 2024* |
| **7. by** <br> par / por | Secretary of State, State of California | | |
| **8. Nº** <br> sous nº <br> bajo el número | *84955* | | |
| **9. Seal / stamp:** <br> Sceau / timbre: <br> Sello / timbre: |  | **10. Signature:** <br> Signature: <br> Firma: | |

This Apostille only certifies the authenticity of the signature and the capacity of the person who has signed the public document, and, where appropriate, the identity of the seal or stamp which the public document bears.
This Apostille does not certify the content of the document for which it was issued.
To verify the issuance of this Apostille, see: apostille-search.sos.ca.gov/.
This certificate does not constitute an Apostille under the Hague Convention of 5 October 1961, when it is presented in a country which is not a party to the Convention. In such cases, the certificate should be presented to the consular section of the mission representing that country.

---

Cette Apostille atteste uniquement la véracité de la signature, la qualité en laquelle le signataire de l'acte a agi et, le cas échéant, l'identité du sceau ou timbre dont l'acte public est revêtu.
Cette Apostille ne certifie pas le contenu de l'acte pour lequel elle a été émise.
Cette Apostille peut être vérifiée à l'adresse suivante: apostille-search.sos.ca.gov/.
Ce certificat ne constitue pas une Apostille en vertu de la Convention De La Haye du 5 Octobre 1961, lorsque présenté dans un pays qui n'est pas partie à cette Convention. Dans ce cas, le certificat doit être présenté à la section consulaire de la mission qui représente ce pays.

---

Esta Apostilla certifica únicamente la autenticidad de la firma, la calidad en que el signatario del documento haya actuado y, en su caso, la identidad del sello o timbre del que el documento público esté revestido.
La Apostilla no certifica el contenido del documento para el cual se expidió.
La Apostilla se puede verificar en la dirección siguiente: apostille-search.sos.ca.gov/.
El certificado no constituye una Apostilla en virtud del Convenio de La Haya de 5 de octubre de 1961 cuando se presenta en un país que no es parte del Convenio. En estos casos, el certificado debe ser presentado a la sección consular de la misión que representa a ese país.

State Form NP-40 LA (rev. 01/2021)



## AFFIDAVIT OF MAILING

State of Arizona
County of Maricopa

I, Michael Shawn Stewart, being duly sworn, depose and state:

**Affiant Information:**

I am over the age of eighteen years and am not a party to the above-entitled action. I have personal knowledge of the facts stated herein and am competent to testify to them if called upon to do so.

**Document Description:** The documents titled 'Notice of Abatement' and 'Memorandum of Law in Support,' along with attachments including the 'Affidavit of Citizenship, Domicile, and Tax Status' and a copy of the birth certificate, were prepared for mailing.

**Recipient Information:** These documents were addressed to:

- Clerk of the Court
  United States District Court
  For the District of Colorado
  901 19th St
  Denver, CO 80294

- U.S. Attorney
  Anna Edgar
  Office of the U.S. Attorney
  1801 California Street, Ste 1600
  Denver, CO 80202

- Mary Butterton
  Standby Counsel for MICHAEL SHAWN STEWART
  Senior Litigator – Office of the Federal Public Defender's Office
  633 17th Street, STE 1000
  Denver, CO 80202

- Chief Judge
  Judge's Name: William Joseph Martinez
  901 19th St
  Denver, CO 80294

**Method of Mailing:** On the 17th day of April, 2024, I served the aforementioned documents by depositing them in the United States mail at Carefree Arizona. The documents were enclosed in a sealed envelope with postage fully prepaid and were mailed via First-Class Mail.

**Execution of Mailing:** The documents were properly addressed and placed in the mail with sufficient postage applied to ensure their ordinary delivery to the intended recipient.

I declare under penalty of perjury under the laws of the state of Arizona that the foregoing is true and correct.

Executed on 17th at Scottsdale, AZ

All rights reserved under UCC 1-308

_MICHAEL SHAWN STEWART_
MICHAEL SHAWN STEWART

Michael Shawn Stewart

## NOTARIZATION

STATE OF _Arizona_

COUNTY OF _Maricopa_

Subscribed and sworn before me this _17_ day of _April_, 20_24_, by _Michael Shawn Stewart_ (name of the person swearing the affidavit), who is personally known to me or who has produced _Driver License_ (type of identification, e.g., driver's license, passport) as identification.

SEAL

Notary Signature: _____

Printed Name of Notary: _Amber Harkins_

Notary Public

My Commission Expires: _7-13-2025_,

AMBER HARKINS
Notary Public · Arizona
Maricopa County
Commission # 607883
My Comm. Expires Jul 13, 2025

Page **2** of **2**

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® and Priority Mail International™ shipments.
Misuses may be a violation of federal law. This package is not for resale. EP14F © U.S. Postal Service; October 2023; All rights reserved.

U.S. POSTAGE PAID
PM
CAREFREE, AZ 85377
APR 17, 2024
$17.90
R2305P150835-03

RDC 03

PRIORITY
★ MAIL ★

**FROM:**

Michael Stewart
100 Easy Street #5035
Carefree Az 85377

**TO:**

Chief Judge
William Joseph Martinez
901 19thstreet
Denver CO 82094

FOR DOMESTIC AND INTERNATIONAL USE

Label 228, March 2016

VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE

UNITED STATES
POSTAL SERVICE®



To schedule free Package Pickup,
scan the QR code.

USPS.COM/PICKUP



how2recycle.info

PAPER
POUCH

PRIORITY
MAIL

PRESS FIRMLY TO SEAL

BC 4/18/24

PRIORITY
MAIL

- Expected delivery date specified for domestic use.
- Domestic shipments include $100 of insurance (restrictions apply).*
- USPS Tracking® service included for domestic and many international destinations.
- Limited international insurance.**
- When used internationally, a customs declaration form is required.

*Insurance does not cover certain items. For details regarding claims exclusions see the
Domestic Mail Manual at http://pe.usps.com.

** See International Mail Manual at http://pe.usps.com for availability and limitations of coverage.

EP14F October 2023
OD: 12 1/2 x 9 1/2

FLAT RATE ENVELOPE
...ATE ■ ANY WEIGHT

...ACKED ■ INSURED

PS00001000014



CERTIFIED MAIL

9589 0710 5270 1341 9726 26

UNITED STATES
POSTAL SERVICE®

PRESS...

how2recycle.info

This package is made from post-consumer waste. Please recycle - again.



**UNITED STATES**
**POSTAL SERVICE**®

**PRIORITY**®
**MAIL**

**VISIT US AT USPS.COM**®
ORDER FREE SUPPLIES ONLINE

**FLAT RATE ENVELOPE**
ONE RATE ■ ANY WEIGHT

To schedule free Package Pickup,
scan the QR code.



USPS.COM/PICKUP

**TRACKED ■ INSURED**

EP14F October 2023
OD: 12 1/2 x 9 1/2



PS00001000014

For Domestic shipments, the maximum weight is 70 lbs. For international shipments, the maximum weight is 20 lbs.